577 So.2d 336 (1991)
ORLEANS LEVEE DISTRICT
v.
Casimere GLENN.
No. CA 89 2112.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Rodney J. Lacoste, Jr., Stassi, Rausch & Giordano, Metairie, for appellant.
J. Anthony Moscona, Metairie, for appellee.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
This is an appeal from a decision of the State Civil Service Commission in a termination for cause case. Appellee, Casimere Glenn, is employed as a welder by the Orleans Levee District with permanent status. Appellant is The Board of Commissioners of the Orleans Levee District.
*337 Mr. Glenn was advised by letter dated June 16, 1987, that he was removed from his position effective June 19, 1987. The letter stated that Mr. Glenn had been on suspension since November 20, 1986, and advised him that this suspension would remain in effect until his removal. As a cause for the action, the letter alleged that on September 12, 1986, Mr. Glenn misappropriated a 1.5 ton Walker floor jack and a 1 ton Walker hydraulic transmission jack from The Orleans Levee Board.
On July 29, 1987, Mr. Glenn timely filed a notice of appeal in which the charges of the letter of removal were denied. The appeal was granted by a referee on March 25, 1988, and Mr. Glenn was ordered reinstated. This decision was appealed and on June 17, 1988, The Orleans Levee Board's application for review was denied by the State Civil Service Commission.
Mr. Glenn subsequently failed to present himself ready for work at the time and place of his employment within fifteen (15) calendar days following the June 17, 1988, denial of the application for review by the State Civil Service Commission, as required by Civil Service Rule 13.38(a). As a result, by letter of October 18, 1988, The Orleans Levee Board terminated Mr. Glenn's employment effective October 20, 1988, because of his failure to comply with Rule 13:38(a). Mr. Glenn appealed the Board's decision.
The Civil Service Commission Referee, Donald J. Cicet, expressly found that Mr. Glenn did not present himself for work within fifteen calendar days after the Commission's decision in the prior appeal, and, in fact, did not report to work until September 29, 1988, a date more than two (2) months following the decision. The referee concluded, however, that Mr. Glenn's failure to comply with Rule 13.38(a) was not cause for termination under the facts of this case. The referee reasoned that the requirement of Rule 13.38(a) that an appellant "shall" present himself for work within fifteen (15) days following the Commission's decision is directory and not mandatory. The State Civil Service Commission denied The Orleans Levee Board's application for review on October 11, 1989. The Orleans Levee Board then filed this appeal.
The sole issue presented by this appeal is whether the referee's conclusion that the word "shall" as used in Civil Service Rule 13.38(a) is directory and not mandatory is erroneous. Louisiana Civil Code Article 11 provides that "The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter." Louisiana Revised Statute 1:3 provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

The word "shall" is mandatory and the word "may" is permissive. (Emphasis added)
Louisiana Code of Civil Procedure Article 5053 provides "Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed. The word `shall' is mandatory, and the word `may' is permissive." (Emphasis added)
Civil Service Rule 13.38(a) provides:
(a) Following the grant of an appeal of a termination and within fifteen (15) calendar days from the date of the mailing of the decision, the Appellant shall present himself ready for work at the time and place of his employment as it existed prior to the termination ...
Civil service rules have the effect of law, La.Const. art. 10, Section 10(A)(4), and are construed according to the rules of interpretation relative to legislation in general. Sanders v. Department of Health & Human Services, 388 So.2d 768 (La.1980).
As stated by this Court in D'Agostino v. City of Baton Rouge, 504 So.2d 1082, 1084 (La.App. 1st Cir.1987),
The word "shall" in a statute or ordinance generally denotes a mandatory *338 duty. See Ray v. South Central Bell Telephone Company, 315 So.2d 759, 761 (La.1975). It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).
The efficient and orderly operation of a state agency requires that it be allowed to clear and fill a position if an employee fails to return to work within fifteen (15) days of reinstatement. As expressly found by the referee, appellee Glenn failed to report to work until September 28, 1988, a date more than two months following the decision. Statutory requisites are deemed "directory" only when they relate to some immaterial matter where compliance is a matter of convenience rather than of substance. Black's Law Dictionary 414 (5th Ed.1979). The word "shall" as used in Civil Service Rules 13.38(a) is clearly mandatory.
For the foregoing reasons, the decision of the State Civil Service Commission which denied relief to the Orleans Levee District is reversed, and judgment is rendered in favor of the Orleans Levee District and against Glenn affirming the disciplinary action taken by the Orleans Levee District. Glenn is cast for all costs.
REVERSED AND RENDERED.