597 So.2d 547 (1992)
Robert M. CASSE, Jr., et al.
v.
DEPARTMENT OF HEALTH AND HOSPITALS, et al.
No. CA 910072.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
*548 Floyd J. Falcon, Jr., Avant and Falcon, Baton Rouge, for appellants.
Frank H. Perez, Staff Atty., Dept. of Health and Hospitals, Bureau of Legal Services, Baton Rouge, for appellee Dept. of Health and Hospitals.
Sidney W. Hall, Staff Atty., Dept. of Social Services, Bureau of Legal Services, Baton Rouge, for appellee Dept. of Social Services.
Robert R. Boland, Jr., Civ. Service Gen. Counsel, Dept. of State Civ. Service, Baton Rouge, for appellee Dept. of State Civ. Service.
Before COVINGTON, C.J., and LEBLANC and WHIPPLE, JJ.
*549 WHIPPLE, Judge.
This case again comes before us on appeal.[1] Six permanent, classified employees of the former Department of Health and Human Resources, now the Department of Health and Hospitals and the Department of Social Services ("DHH" and "DSS"), dispute the summary disposition by the Civil Service Commission of issues for hearing in their Petition of Appeal which challenges a layoff plan.

FACTS AND PROCEDURAL HISTORY
Appellants filed a Petition of Appeal with the State Civil Service Commission on August 4, 1988, challenging a layoff plan which took effect the following day. The layoff plan abolished the Office of the Secretary of the Office of Management and Finance, where appellants worked. The appeal alleges implementation of the layoff plan violates the Article (LSAConst. Art. X, Part I) and Chapter 17 of the Civil Service Rules and includes 21 allegations of Article or Rule violations, designated as Subparagraphs 17(A) through (U).
On September 28, 1990, DHH filed a motion for partial summary disposition of the allegations in Subparagraphs 17(A), (B), (C), (E), (F), (G), (H), (I), (J) and (K) on the grounds that the allegations, even if proven, would not constitute a violation of Chapter 17 of the Civil Service Rules. The motion did not seek summary disposition of the allegations in Subparagraphs 17(D) and (L) through (U).
The Commission heard arguments in the matter, rendered a decision dismissing certain of appellants' allegations, and narrowed the scope of the hearing of the appeal to nine specific issues. It is from this decision appellants appeal to this Court.
The main issue presented in the present appeal is whether the Civil Service Commission erred in summarily disposing of portions of the appeal prior to a full public hearing on the merits by concluding that certain allegations by appellants either had not been pled with sufficient factual detail or would not constitute an Article or Civil Service Rule violation even if proven.
Civil Service Rule 13.11(d) states in pertinent part: "Where a violation of the Article or a Rule is alleged to be a basis for appeal, specific facts supporting the conclusion that a violation has occurred must be alleged in sufficient detail to enable the agency to prepare a defense."
As pertinent hereto, Civil Service Rule 13.14 provides:
(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:
* * * * * *
2. That the appellant has no legal right to appeal.
3. That the appeal has not been made in the required manner or within the prescribed period of delay.
* * * * * *
6. That the written notice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal ground for the disciplinary action.
* * * * * *
(d) The Commission or a referee, on its or his own motion, may at any time summarily dispose of an appeal on any of the grounds listed in Subsection (a) hereof or in accordance with the provisions of Rule 13.19(e).
Based on the above-quoted provisions of Civil Service Rules 13.11 and 13.14, the Commission summarily disposed of the allegations *550 in Subparagraphs 17(B), (F)(in part), (H), (I), (J), (M), (N), (O), (P), (Q) and (R) and referred the following issues to a hearing on the merits:
1) Whether the layoff plan was submitted timely and/or contained the information required by Civil Service Rule 17.14(b) and/or contained false information. [Subparagraphs 17(A), (C) and (K)].
2) Whether the failure of DHH/DSS to terminate Bonnie Smith's restricted appointment violated Civil Service Rule 17.16. [Subparagraph 17(D)].
3) Whether appointments for the `SOBRA' and `SLAG' programs and appointments to positions in the Audit Resolution Unit were in violation of Civil Service Rule 17.23.1(b) and/or 17.25 and/or 17.25.2. [Subparagraphs 17(E) and (F)].
4) The circumstances surrounding the Peat Marwick Main & Company contract. [Subparagraph 17(F)].
5) Whether notice of the layoff was given in accordance with Civil Service Rule 17.2(a). [Subparagraph 17(G)].
6) Whether DHH/DSS complied with Civil Service Rule 17.17 concerning displacement offers. [Subparagraph 17(L)].
7) Whether DHH/DSS complied with Civil Service Rule 17.15(b) concerning notifying employees of their right to be put on department preferred reemployment lists. [Subparagraph 17(S)].
8) Whether the DSCS approved restrictive appointments, job appointments or details in violation of Civil Service Rule 17.23.1 or 17.25 or 17.25.2. [Subparagraph 17(T)].
9) The circumstances surrounding the granting of selective certification for the job of Reimbursement Director. [Subparagraph 17(U)].
For the following reasons, we reverse in part and affirm in part, with instructions to the Commission.

ASSIGNMENTS OF ERROR ONE, TWO AND THREE
Appellants contend the Commission erred in concluding that the Petition of Appeal failed to plead sufficient factual details of Rule violations to allow the Agency to prepare a defense and in concluding that uniform application of the layoff plan is not required. The appellants further contend the commission erred in failing to realize that the Petition of Appeal, in order to be timely, is of necessity filed prior to the time that the effect of the full layoff implementation is discerned. According to appellants, this justifies their failure to plead specific facts, dates and identities to support the allegations of the appeal.
Appellants' first assignment of error is that the Commission erred by summarily disposing of the allegations in Subparagraphs 17(B), (F), (H), (I), (J) and (M) for failure to plead sufficient factual detail.[2] They maintain that a sufficient factual basis was pled to show violations of either the Article or Chapter 17 of the Civil Service Rules. Thus, appellants contend, the Commission erred in striking these portions of their Petition of Appeal.
An appeal may be made to the Commission by any person expressly granted the right to appeal by the Article or by any person in the classified service who alleges that he has been subjected to a layoff in violation of any provision of Chapter 17 of the Civil Service Rules. Civil Service Rule 13.10(g) and (m). Decisions of the Commission are subject to review on any question of law or fact. LSAConst. Art. X, § 12(A).
Civil Service Rules have the effect of law and are construed according to the rules of interpretation relative to legislation in general. LSAConst. Art. X, § 10(A)(4); Sanders v. Department of Health and Human Services, 388 So.2d 768 (La.1980); Orleans Levee District v. Glenn, 577 So.2d 336 (La.App.1st Cir.1991).
*551 A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the Commission's factual findings. Walters v. Department of Police, 454 So.2d 106, 113 (La. 1984). The appropriate standard of review of an action by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious. Newman v. Department of Fire, 425 So.2d 753 (La.1983); Tobias v. Department of Streets, 454 So.2d 835 (La. App. 4th Cir.1984).
In the instant case, the Commission was required to determine the sufficiency of the pleadings. This presented mixed questions of law and fact, involving a determination of the factual sufficiency of the pleadings filed and a substantive interpretation of the Civil Service rules by the Commission.
In Subparagraph 17(B) of their Petition of Appeal, appellants allege the layoff did not affect everyone in the organizational unit (the Office of the Secretary of the Office of Management and Finance) as uniformly as possible, that length of State service was not utilized properly in implementing the layoff, and that DHH and/or DSS did not adequately justify the failure to implement the layoff department wide.
The first two allegations of Subparagraph 17(B) imply discriminatory treatment, yet appellants did not state any facts to support their position. We agree that these allegations, as pleaded, are conclusory and do not allege sufficient detail as required by Rule 13.11(d).
In Subparagraph 17(F), appellants assert: that the Director of the Department of State Civil Service failed to order a review of all contracts; that DHH/DSS failed to provide sufficient information about contracts; that although appellants were to be laid off, new employees were to be hired for the "SLAG" and "SOBRA" programs; and that shortly before abolishing appellants' jobs in the Audit Section, DHH/DSS contracted for audit services with Peat Marwick Main & Company.
In Subparagraph 17(M), appellants claim the Department of State Civil Service approved the plan too quickly and failed to issue appropriate orders to insure the layoff was fair.
The Commission concluded that the simple allegations of 17(F), concerning the alleged failure of the DHH to provide sufficient contract information, and 17(M), concerning improvident approval of the plan, fail to plead facts in sufficient detail as required by Civil Service Rule 13.11(d). We disagree.
Appellants contend in their second assignment of error that the 30-day delay for filing appeals limits their ability to allege factual specificity. They contend that when the Petition of Appeal was filed, all facts then known were pled and that other violations had not yet occurred but were suspected.
Pursuant to Civil Service Rule 13.12(a)(1), appeals to the Commission in cases when written notice of an action is required, such as a layoff action, must be either received by the Commission or postmarked within 30 days after receipt of the written notice. However, subsection (a)(2) of that rule allows the filing of appeals with the Commission within 30 days after the date an appellant learned or was aware that the action complained of had occurred when no written notice is required or, if required, was given late or not at all. Subsection (c) disallows any appeal of an action after 365 calendar days from the date of the action complained of.
While the appeal of the layoff action had to be filed within 30 days after receipt of the notice thereof, violations later incurred during implementation of the layoff would constitute another "action" from which an appeal might be taken. Accordingly, we find no merit in the contention that this rule prevented assertion of their claims.
This Court recognizes that there may be instances wherein the power to summarily dispose of issues prior to a full hearing may be exercised in a manner inconsistent with constitutional requirements of Due *552 Process.[3] However, we conclude the allegations in Subparagraphs 17(F) and (M) satisfied the pleading requirements of Rule 13.11(d) and reverse the Commission's summary disposition of these portions of Subparagraphs 17(F) and (M). These issues are to be litigated at the full hearing on the merits.
We find no abuse of discretion or manifest error in the Commission's determination concerning Subparagraph 17(B).
In all other respects, assignments of error one and two lack merit.
In their third assignment of error, appellants contend the Commission erred in summarily disposing of portions of their appeal after concluding that uniform application of the layoff plan was not required. In brief, appellants contend that the Commission improperly disposed of the claims in Subparagraphs 17(B), (F), (H) and (J) by erroneously interpreting Civil Service Rule 17.15, relative to uniformity in layoffs, as set forth in Subparagraph 17(B); Rule 17.14, relative to department-wide layoffs and department-wide bumping, as set forth in Subparagraphs 17(H) and (I); Rule 17.1, relative to the review of agency contracts, as set forth in Subparagraph 17(F); and Rule 17.4, relative to expansion of career fields, as set forth in Subparagraph 17(H).
In support of their contention that uniformity was required, appellants cite Civil Service Rule 17.15, which provides:
(a) Subject to the provisions of Rule 17.21 [special provision for veterans], all employees, including those absent from duty on approved leave with or without pay, in the class(es) affected by the layoff, or on detail or temporary interdepartmental assignment from such class or classes, who work in the organizational unit(s) as approved by the Director in Rule 17.14, shall be subject to the layoff and shall be in competition for the purpose of determining which employee(s) will be laid off.
We have carefully reviewed the allegations of the Petition of Appeal and the reasons stated by the Commission in rejecting portions thereof. We find that the Commission was not arbitrary or capricious in its interpretation of the Rules and in concluding that uniform application of the layoff plan is not required by Rule 17.15. We find the Commission properly dismissed the allegations related thereto since the cause, as expressed, does not present a violation of any legal duty imposed by the Civil Service Rules.
Turning next to appellants' contention relative to department-wide layoffs and department-wide bumping, as set forth in Subparagraphs 17(H) and (I), we conclude the Commission was correct in its interpretation of Rules 17.4 and 17.17. As stated in the Commission's decision, Civil Service Rule 17.4 authorizes but does not require expansion of the area of competition and career fields. Accordingly, the failure to broaden the area of competition or career fields would not constitute a violation of the Rules.
Further, Rule 17.14(a) requires the appointing authority to select the organizational units to be affected by the layoff, and Rule 17.17 confines bumping to the units selected. Since Rule 17.14 does not require system-wide layoffs and Rule 17.17 does not require bumping on a system-wide basis, the failure to conduct the layoff on a system-wide basis or to allow bumping on a system-wide basis, as pleaded, presents no violation of the Civil Service Rules.
We also find no merit in appellants' contentions relative to a duty to review outside agency contracts, or other duty as set forth in Subparagraphs 17(F) and 17(M), and relative to expansion of career fields, as set forth in Subparagraph 17(H). *553 We find appellants' argument unpersuasive. As the Commission properly concluded, when an agency submits a layoff plan, Civil Service Rule 17.1 authorizes but does not require the Director to order a review of that agency's contracts. Accordingly, the Director's failure to order a review would not constitute a violation of the Rules.
Appellants, however, correctly contend that Rule 17.14(b) requires the layoff plan to include certain information about agency contracts. To the extent appellants contend in Subparagraph 17(F) that the Director failed to include information as required by Rule 17.14(b)(10), as it relates to the effect of contracts upon the proposed layoff, we find appellants have pleaded a violation of a layoff-related duty.
Appellants contend in Subparagraph 17(F) that the Director failed to order a review of all contracts and that DHH failed to include sufficient information in its proposed layoff plan. The Commission correctly concluded that Civil Service Rule 17.1 authorizes but does not require the Director to review all contracts. It also concluded that appellants pled no facts to support the allegation that the layoff plan did not contain all of the information required by the Rules.
Civil Service Rule 17.1 states that when an agency submits a layoff plan, the Director may order a review of all contracts. The reason for the rule is to determine whether any of the contracts affect the layoff. Similarly, Civil Service Rule 17.14(b) contains a mandatory, non-exclusive list of ten factual details that a formal, written layoff plan must include. Subsection (b)(10) of Rule 17.14, for example, requires the plan to reveal "Contracts either signed, effective, or anticipated that may be causative factors or related to the layoff".
The Director's authority under Rule 17.1 is discretionary. However, inasmuch as appellants allege that the submitted layoff plan did not contain information required by Rule 17.14(b), we find the allegation that the Director failed to review all agency contracts properly alleges a violation of both Chapter 17 of the Civil Service Rules and LSAConst. Art. X, § 10(3), which in part provides: "The appointing authority shall give the director written notice of any proposed lay-off within a reasonable length of time before its effective date, and the director shall issue orders relating thereto which he considers necessary to secure compliance with the rules."
We conclude that appellants' failure to state the alleged insufficiency of the plan does not prevent the agency from preparing a defense. Rule 17.14(b) contains a mandatory checklist of information to be included in layoff plans. We find the allegations as set forth in Subparagraphs 17(F) and 17(M), as pleaded, are sufficient to raise the issue that the layoff plan did not contain a list of all agency contracts, as required by Rule 17.14(b)(10).
The Commission referred to the merits the circumstances surrounding the Peat Marwick Main & Company contract and the allegation that appointments to the "SOBRA" and "SLAG" programs might violate the Rules, but appellants cannot be assured there are no other contracts affecting the layoff if they are not disclosed. The alleged omissions on the part of the Director and the agency, if proven, clearly violate the Article and Chapter 17 of the Civil Service Rules. Because the issue of whether the layoff plan complied with Rule 17.14(b) has already been referred to the merits, we reverse the Commission's summary denial of the allegations in Subparagraphs 17(F) and (M) relating to the sufficiency of information regarding agency contracts and instruct the Commission on remand to allow a hearing on the merits of these allegations.
The Court further concludes the Commission also abused its discretion in summarily disposing of appellants' allegations in Subparagraph 17(M) of the Petition of Appeal, which alleges that the Department of State Civil Service, which is headed by the Director, did not issue orders necessary to ensure that the layoff was conducted in accordance with Chapter 17 of the Civil Service Rules and that approval was granted *554 despite the lack of sufficiently detailed information in the layoff plan.
Appellants contend the Director approved the layoff plan even though it was not in compliance with Civil Service Rule 17.14(b) and that the Director failed to issue orders to bring it into compliance. We conclude that Subparagraph 17(M) alleges a violation of LSAConst. Art. X, § 10(A)(3) and should be addressed on the merits. To the extent the Commission has not already referred these allegations to a hearing on the merits, it is hereby ordered to do so.
For the foregoing reasons, we reverse the Commission's summary disposition of the allegations as set forth in Subparagraphs 17(F) and 17(M). In all other respects, we find assignments of error one, two and three lack merit.

ASSIGNMENTS OF ERROR FOUR, FIVE AND SIX
Appellants' fourth and fifth assignments of error are that the Commission erred in summarily disposing of a portion of their appeal by incorrectly characterizing the role and responsibilities of the Director. Appellants contend the Commission failed to realize that the Director is required to take all steps within his power to protect career employees. They contend in their sixth assignment of error that the Commission erred in failing to find that adequate factual allegations were made to question whether the Director adequately carried out his duties.
Although the Director is required to ensure compliance with the Civil Service Rules, his power to take steps to afford protection to career employees is discretionary. The Court may only ensure that he does not act arbitrarily or capriciously.
Subparagraphs 17(H) and (I) allege the appointing authority and the Director failed to broaden areas of competition and career fields and refused to order system-wide or department-wide layoffs and bumping privileges. Appellants contend the scope of the layoff was so great, with some 3,000 jobs being affected, that protection of career employees required expansion of career fields and bumping privileges on a system-wide basis.
These complaints address matters within the reasonable discretion of the Director. The allegations of inaction by the Director, as pleaded, even if proven, do not present a cause for which relief may be granted. As pleaded, Subparagraphs 17(H) and (F) present no actionable claim. There is no cause of action for which relief may be granted encompassed by the allegations of Subparagraphs 17(H) and (F), since these related to the Director's discretionary authority to expand career fields and review contracts. We also note that the Louisiana State Personnel Manual, Part 13.7, addresses career fields as follows:
Career fields have been generally determined and published as such by the Department of State Civil Service. Once classes are assigned to a career field, they are not generally removed from the group unless an obvious error in placement is found. The career fields are to be considered as the guide for any given layoff.
Appellants' organizational unit was the Office of the Secretary of the Office of Management and Finance. That was the scope of the layoff as it affected them. We cannot find that the Commission acted arbitrarily or capriciously in dismissing appellants' contention that the Director is required to take all steps within his discretionary power to afford protection to career employees. We agree with the Commission's determination that the scope of the Director's duty does not include the obligation to act as set forth by appellants.
Appellants allege in Subparagraph 17(J) that the appointing authority failed to include in the layoff plan a detailed explanation of the budgetary measures taken to avoid the layoff. In response, the Commission concluded that such details were unnecessary under the Rules. Because one of the issues referred to a hearing on the merits is whether the plan complied with the requirements of Civil Service Rule 17.14(b), we conclude that this issue has been preserved for hearing on the merits.
For the foregoing reasons, assignments of error four, five and six lack merit, except *555 as these assignments relate to the Commission's summary disposition of appellants' claims in Subparagraphs 17(F), (J) and (M), which are referred to a hearing on the merits.

ASSIGNMENT OF ERROR SEVEN
Appellants contend the summary dispositions by the Commission do not apply to DSS since only DHH filed the motion. Civil Service Rule 13.14(d) allows the Commission to summarily dispose of appeals on its own motion. Whether DSS moved for summary disposition is of no moment, and we do not find the Commission's ruling to be arbitrary or capricious.
Thus, assignment of error seven has no merit.

CONCLUSION
In our opinion today, we make no disposition of the merits of appellants' claims. The intent of the law is to seek the truth without regard to technicalities, which if implemented, might so limit the record as to do a disservice to justice. Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir.1974), writ denied 310 So.2d 841 (La.1975). The fundamental requirements of Due Process are notice and the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Appellate review is a safeguard of justice and should be denied only for the most compelling reasons. Bennett, supra.
For the foregoing reasons, it is ordered that the Commission refer to a hearing on the merits the allegations made by appellants in paragraphs 17(F), (J) and (M) of their appeal, consistent with the views expressed in this opinion. In all other respects, the Commission's decision is affirmed. Costs of this appeal are to be shared by the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED, WITH INSTRUCTIONS.
NOTES
[1] In Casse v. Sumrall, et al, 547 So.2d 1381 (La.App. 1st Cir.), writ denied 551 So.2d 1322 (La.1989), defendants appealed the certification by the trial court of plaintiffs as a class and the action of the trial court in granting plaintiffs a declaratory judgment, declaring Civil Service Rule 17.2 and other rules governing layoff notice unconstitutional. We reversed, finding that due process did not require a pre-layoff hearing and that the trial court had subject matter jurisdiction, concluding that exhaustion of remedies before the Commission was not required. We also concluded there was no abuse of discretion in the trial court's certification of the claims as a class action.
[2] Appellants did not brief the issues of the summary disposition of the allegations in subparagraphs 17(N), (O), (P), (Q) and (R). Those issues are deemed abandoned and will not be considered. Uniform RulesCourts of Appeal, Rule 2-12.4.
[3] Should the Commission disallow an appeal of an action constituting a violation of the Article or the Civil Service Rules, occurring during implementation of the layoff but unknown to appellants until after the appeal delay provisions of Rule 13.12(d) have run, such action by the Commission might be considered arbitrary and capricious. See Rocque v. Department of Health and Human Resources, 505 So.2d 726 (La.1987), on rehearing, where the Louisiana Supreme Court reversed the action of the Commission in disposing of the entirety of an appeal without a hearing on the merits, pursuant to its summary disposition authority.