LeBLANC, Judge.
This appeal is from a trial court judgment awarding custody of minor children.
FACTS
On November 20,1979, Sandra Gayle Reed and Richard Cyprian Reed were married. Of their marriage, two children were born, Christopher and Amy. In March of 1991, the Reeds physically separated, and thereafter, Mr. Reed filed suit for divorce. Mr. Reed’s petition sought custody of the minor children “pending further orders of the court.” Mrs. Reed, in her answer, requested the court grant joint custody with Mrs. Reed being awarded primary physical custody. The petitions requested and agreed to evaluations by a mental health professional.
By judgment, dated April 8, 1991, the parties were divorced; however, the issue of the custody of the minor children remained unresolved.
On October 30 and 31, 1991, a hearing on the custody issue was held. Both parties presented their case, then rested. At the conclusion of the hearing, the trial judge ordered psychological evaluations of the parties and the minor children and took the matter under advisement pending receipt of the written evaluations. After the reports were received, the Court issued Reasons and rendered Judgment awarding joint custody with Mr. Reed designated as the primary domiciliary parent.
From this adverse judgment, Mrs. Reed appeals. Mrs. Reed’s brief includes five enumerated assignments of error which present the following issues: 1) adopting Mr. Reed’s proposed joint custody plan; 2) choosing Mr. Reed as the primary domiciliary parent; and 3) failing to allow cross-examination of the court-appointed mental health professional, as required by La.C.C. art. 131 H.
Mr. Reed responded on appeal, arguing Mrs. Reed’s brief did not present an argument on any error assigned, but merely set *13 forth specifications of error and issues presented, facts, and a conclusion. Accordingly, Mr. Reed requested that this Court determine that Mrs. Reed had abandoned her appeal by her failure to brief or argue the errors raised by her appeal.
ABANDONMENT OF APPEAL
Rule 2-12.4 of the Uniform Rules of the Courts of Appeal provides, in pertinent part:
“[t]he brief of the appellant or relator shall set forth ... a succinct syllabus or statement of the principles of law relied upon with corresponding citations or authority, a concise statement of the ease, ... a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion....
In the instant case, appellant’s brief contained a list of citations, a “Statement of Principles of Law”, a “Statement of the Case” which included citations to pages of the record, five detailed Specification of Errors, a discussion labeled “Facts” which included citations to pages of the record, and a conclusion.
The Third Circuit, in Guidry v. Ford, Bacon & Davis Const. Co., 371 So.2d 1301, 1302 (La.App. 3rd Cir.1979), stated:
Our examination of the brief in question indicates that while there is a failure to present a concise specification of errors and issues presented on appeal, the brief does identify in general argument the errors and the issues; and the brief otherwise complies with Rule 9, Section 3.[1] Since we find a substantial compliance with the rule, we deny the motion [to dismiss] filed by plaintiff, but counsel for appellants is instructed to adhere carefully to the provisions of the Uniform Rules in the future.
We find Mrs. Reed’s brief, although failing to include a section entitled “Argument”, does identify and present argument for the errors specified, as well as pertinent citations. Likewise, the brief otherwise complies with the rule. Because we find substantial compliance, we decline to hold Mrs. Reed’s appeal abandoned.
CUSTODY
La.C.C. art. 131 H provides, in pertinent part, as follows:
In a custody or visitation proceeding, an evaluation may be ordered on the motion of either party. The evaluation shall be made by a mental health professional agreed upon by the parties or selected by the court. The court may apportion the costs of the investigation between the parties and shall order both parties and the children to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and both parties with a written report. The mental health professional shall serve as the witness of the court subject to cross-examination by either party. [Emphasis added.]
In the instant case, Mr. Reed presented his case-in-chief and then rested. Thereafter, Mrs. Reed presented her case and then rested. Before the trial judge took the matter under advisement, Mrs. Reed’s counsel again suggested an art. 131 psychological evaluation of the parties.
After hearing all of the evidence presented by both parties, the trial judge determined that it was necessary to appoint a mental health professional to give the court some guidance and stated the following:
First, I want to say, I’m not prepared to rule right now. I need to digest this.
⅜: # ⅜ ⅜ ⅜
[T]hat’s [appointment of a mental health professional] exactly where I’m headed with it. I don’t really know.
[[Image here]]
So I’m going to — I’D talk to counsel after and see if we can get something done very quickly as far as getting — what I want to *14 do, so we don’t have to go rehash everything that’s been done, costwise and time wise, is have Dr. Pleune cooperate with another mental health expert, get full access, discussions, bring this mental health expert up to snuff with what he feels, talk to you two.... And let me get a feel of what’s going on.
[[Image here]]
And I would think this can be done very quickly.
After the written evaluations from the court appointed mental health professional were received, the trial court issued written reasons for judgment, which contained the following:
Currently pending before the Court is the initial setting of custody of the two minor children of the parties- A hearing was held on the question of custody on October 30 & 31, 1991. At the conclusion of the hearing, the Court ordered psychological evaluations of the parties and the children and took the matter under advisement pending receipt of the written evaluations. Those reports have recently been received; accordingly, the Court now issues these Reasons.
After a careful evaluation of the law and the evidence in this matter, including the testimony of the nineteen witnesses adduced at the hearing and the psychological evaluations performed by Dr. Brian ■' 6. Murphy, the Court finds that joint custody of the children should be awarded to the parties, with Mr. Reed designated as the primary domiciliary parent....
The reasons issued by the trial court clearly acknowledge the court’s reliance on the results of the evaluations by the mental health professional. However, at no time was the mental health professional subject to cross-examination by either party, as required by the article.
The word “shall” generally denotes á mandatory duty. See, La.R.S. 1:3; La.C.C.P. art. 5053; La.Ch.C. art. 107; La.C.Cr.P. art. 5; O’Bryan v. O’Bryan, 391 So.2d 1206, 1209 (La.App. 1st Cir.1980). See also, La.C.C. art. 11; Orleans Levee Dist. v. Glenn, 577 So.2d 336, 337-38 (La.App. 1st Cir.1991); Matter of Marine Shale Processors, Inc., 566 So.2d 994, 997 (La.App. 1st Cir.), writ denied, 568 So.2d 1055 (1990); D’Agostino v. City of Baton Rouge, 504 So.2d 1082, 1084 (La.App. 1st Cir.1987);
Our reading of La.C.C. art. 131 H requires the trial court to make the mental health professional available for cross-examination by either party. Failure to make him available for cross-examination was error.
CONCLUSION
For the foregoing reasons, the judgment of the trial court awarding custody of the two minor children, Amy Elizabeth Reed and Christopher Molloy Reed, and implementing the modified visitation plan is hereby reversed. The interim judgment of November 12, 1991, is hereby reinstated. This matter is remanded for further proceedings in accordance with this opinion and according to law. Costs of this appeal are to be paid by plaintiff-appellee.
REVERSED AND REMANDED.
CARTER, J., dissents and assigns reasons.

. Now Uniform Rules — Courts Of Appeal, Rule 2-12.4.