|,KUHN, J.
In this appeal, defendant-appellant, the Office of Student Financial Assistance (“OSFA”), challenges the decision of the Civil Service Commission (“the Commission”) ordering that plaintiff-appellee, Fel-tus Stewart, be placed in the position of Customer Services Division Director, paid back wages and given the proper adjustments in the contributions made for her to ■the retirement system. The Commission also awarded Stewart attorney’s fees.
Background
In 1993, after substantial cuts in federal funding, OSFA implemented a layoff plan. Stewart was offered a demotion in status with no' reduction in pay in lieu of either being laid off or displacing a co-worker' in a position of equal status who had less seniority than she did. Because Stewart did not wish to displace her co-worker and in conformity with the request of OSFA Executive Director, Jack Guinn, she agreed to accept the demotion in status with no reduction in pay. By letter dated November 10,1993, Guinn memorialized in writing the verbal agreement he had entered into with Stewart. The letter provides the following relevant statements:
This letter is being written to confirm our verbal agreement concerning your continued employment with this agency.
Your position has been selected for termination in our proposed layoff plan. According to Civil Service rules pertaining to layoff and bumping, you will be offered the position of Higher Education Divisional Director (Position # 127825). This position is being offered on the mutual understanding that you will reject the offer and accept placement into the position of Assistant Higher Education Divisional Director, which will be *19 given an interim allocation by Civil Service.
By going through the layoff proceedings, your name will be placed on the Agency Preferred Reemployment List. This list will give you first rights to the position of Higher Education Divisional Director, if one opens up in the future. Your current salary will also remain the same as long as it falls |3within the interim allocation salary range. A voluntary demotion would have resulted in a reduction of salary.
In 1996, the Customer Services Division was created within OSFA. After detailing defendant, Diane Pfeifer, to the Customer Services Division Director position in May 1996 as acting director, Pfeifer was officially hired by Guinn to fill the Customer Services Division vacancy on July 8, 1996.
On August 8, 1996, Stewart appealed OSFA’s decision to hire Pfeifer, alleging entitlement to the Customer Service Division Director position based on the November 10, 1993 letter from Guinn to her. After a public hearing on March 4, 1998, the Commission issued a decision in favor of Stewart. The Commission concluded that OSFA had violated Civil Service Rules 17.24 and 17.25 when it hired Pfeifer. It ordered that Stewart be placed in the position of Customer Services Division Director from April 19, 1996 through October 10, 1997, the date of Stewart’s retirement from state employment. The Commission also ordered OSFA to pay back wages with legal interest and to make all necessary adjustments to the contributions for Stewart to the retirement system. Concluding that OSFA’s actions were unreasonable, the Commission awarded attorney’s fees in the amount of $1,500.00 to Stewart. OSFA perfected this appeal.
On appeal, OSFA raises the following contentions: the Commission erred in (1) granting Stewart relief for having been adversely affected by a violation of Civil Service Rules when the allegations of her appeal averred she had been discriminated against because of her race; (2) finding Rules 17.24 and 17.25 were applicable; (3) concluding OSFA violated Rules 17.24 and 17.25; and (4) awarding attorney’s fees.[1]
pCivil Service Rules 17.24 and 17.25
At the outset, because the heart of the Commission’s decision is founded on a conclusion that Civil Service Rules 17.24 and *20 17.25 were violated, we note the relevant provisions of each.
Civil Service Rule 17.24 provides in relevant part:
(a) A permanent employee who ... is laid off or officially moved out of his regularly assigned position to another position in a different job title ..: shall ... have his name entered on the [agency] [2] preferred reemployment list for:
1. the job he held in the affected agency or department at the time of such layoff or movement into another position....
2. equivalent or lower levels of jobs for which he qualifies in his career field ...; however, an employee who is displaced, as opposed to actually laid off, shall be eligible to be placed on such list only for the jobs down to but not including the GS level to which he was displaced, but shall be eligible for the same job title in the parish from which he is displaced.
(b) During the time a former or otherwise affected employee’s name remains on [an agency] preferred reemployment list, the Director [of the Department of Civil Service] may, upon his own initiative, place such employee’s name on one or more such lists for other equivalent or lower classes of positions for which he qualifies in his career field and other substantially similar classes.
| K(c) The names of laid off or displaced permanent employees on the [agency] preferred reemployment lists shall be ranked in the order of length of State service they had at the time of the layoff. ... The employee with the most State service for a given class and availability shall be given the first offer.
(h) The maximum period during which a former or otherwise affected employee’s name may remain on [an agency] preferred reemployment hst(s) shall be three years from the effective date of the applicable layoff. The Director [of the Department of Civil Service] shall remove the employee’s name from all such lists at the expiration of that period if it has not been previously removed. (Footnote added.)
Civil Service Rule 17.25 provides in pertinent part:
When there is a ... preferred reemployment list for an agency or department affected by a layoff, containing the name of one or more qualified employees available for appointment to a vacant position in the affected agency or department, the vacancy shall be filled only by one of the following means: 1) reinstatement, 2) internal demotion ... or 5) appointment of an eligible from such preferred list.... Except as provided in this rule, appointment from [an agency] preferred reemployment list shall take priority over all other methods of filling vacancies.
With these rules in mind, we address OSFA’s assertions on appeal.
Scope of Appeal to the Commission
OSFA appears to maintain that because Stewart did not specifically cite Civil Service Rules 17.24 and 17.25 in her August 8, 1996 request for appeal to the Commission, it was error for the Commission to issue a decision in favor of Stewart based on its conclusion of law that OSFA had violated those rules. OSFA additionally urges that because Stewart in her written request for appeal to the Commission alleges that “she has been discriminated against by Mr. Guinn because of her race,” the extent of the Commission’s decision should have been limited to whether Guinn racially discriminated against Stewart in filling the vacancy for the Customer Services Division Director position.
Civil Service Rule 13.11 states in relevant part:
*21 A notice of appeal [to the Commission] must ...
|fi(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense....
Where a violation of the Article or a Rule is alleged to be a basis for appeal, specific facts supporting the conclusion that a violation has occurred must be alleged in sufficient detail to enable the agency to prepare a defense.
Reading Stewart’s August 8, 1996 notice of appeal to the Commission, we find it clearly alleges specific facts to support the conclusion that OSFA’s conduct amounted to violations of Civil Service Rules 17.24 and 17.25. In her request for appeal to the Commission, Stewart specifically cited portions of the November 10, 1993 letter from Guinn to her, including that “her name will be placed on the Agency Preferred Reemployment List,” and attached a copy of the letter to the request for appeal. Her notice of appeal explicitly states, “Stewart alleges that Mr. Guinn was without cause in denying her the position of Divisional Director now renamed as Administrative Director 4.” Although Civil Service Rules 17.24 and 17.25 were not referenced as the rules which OSFA violated, we find Stewart’s notice sets forth sufficient detail to enable OSFA to prepare a defense.
Applicability of Civil Service Rules 17.24 and 17.25
OSFA asserts that the Commission erred in applying Civil Service Rules 17.24 and 17.25 to the facts of this case. OSFA maintains that “Pfeifer was the more qualified person for the job” and because Rule 17.25 restricts noncompetitive reemployment to “qualified” employees, it was error for the Commission to conclude Civil Service Rules 17.24 and 17.25 applied.
Civil Service Rule 17.24 requires that an employee be “eligible,” and OSFA has not asserted that Stewart was ineligible for placement on a Preferred Reemployment List. 17Civil Service Rule 17.25 requires only that an employee be “qualified” for a vacant position, not that the employee be the “most qualified” candidate. The Commission concluded that Stewart was qualified and the record supports that conclusion. Accordingly, we find no error in the Commission’s application of Civil Service Rules 17.24 and 17.25 to the facts of this case.
Standard of Review
A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the Commission’s factual findings. The appropriate standard of review of an action by the Commission, however, is to determine whether the conclusion it reached was arbitrary or capricious. Casse v. Dep’t of Health and Hosps., 597 So.2d 547, 551 (La.App. 1st Cir.1992). Mindful of these standards of review, we address OSFA’s assertion that the Commission erred in finding that OSFA circumvented Civil Service Rules 17.24 and 17.25. In so contending, OSFA suggests that Human Resource Director Margaret Webb’s testimony[3] establishes that the Customer Services Division Director position was one for which Stewart was not qualified. As such, OSFA urges that the Commission erred in finding that the Customer Services Division Director position was “substantially similar” to the Higher Education Division Di *22 rector position from which she was displaced.
We find a reasonable factual basis exists to support the Commission’s finding that the position from which Stewart was displaced and the Director position for the newly-created Customer Services Division were “substantially similar.” Stewart testified that Guinn threatened to have the job description re-written so as to keep her from meeting all the qualifications. Guinn stated that the reason the Customer Services Division was [8created was not due to financial exigency, but rather, because of his desire for OSFA to be more competitive with national guarantors who were acquiring a share of the student financial assistance market. Guinn candidly acknowledged that he had forgotten about the rights Stewart had acquired pursuant to the November 10, 1993 letter, and admitted from inception, he had it in mind to place Pfeifer in the Customer Services Division Director position.
Human Resource Director Webb- testified that had the position been allocated as Higher Education Division Director, Stewart would have automatically received the position; however, since the position was allocated as Administrative Director IV, she had to apply for the position. Webb explained that the position was originally drafted as Higher Education Division Director. Having been present at the meeting between Stewart and Guinn, Webb stated that Guinn advised Stewart that he did not want her to fill the position of Customer Services Division Director. It was only after that meeting with Stewart that the draft of the position changed from Higher Education Division Director to Administrative Director IV, according to Webb’s testimony.
Reading the record as a whole, we cannot say that the Commission’s conclusion that the position of Customer Services Division Director was substantially similar to the class from which Stewart was displaced is clearly wrong or manifestly erroneous. Because the Commission’s findings are supported by the evidence, we cannot say it was arbitrary or capricious in placing Stewart in the Customer Service Division Director position or in ordering back pay and adjustments within the retirement system to conform to Stewart’s appointment to the position of Director of the Customer Services Division.
OSFA complains that the Commission erred in determining that Stewart was entitled to be placed in the Customer Services Division Director position commencing on April 19, 1996, since the position was not filled until July 8, 1996. However, we cannot lflsay the Commission’s factual determination is clearly wrong on this point. Among the numerous documents filed into evidence is a status inquiry regarding the placement of the Customer Services Division Director position submitted by OSFA' on April 19, 1996. Had OSFA' followed Civil Service Rules 17.24 and 17.25, on April 19, 1996, when OSFA submitted the status inquiry, Stewart would have automatically received the position. Because the Commission’s conclu'sion that OSFA violated Civil Service Rules 17.24 and 17.25 is not arbitrary or capricious, we cannot say the finding that Stewart is entitled to be placed in the Customer Services Division Director position from April 19, 1996, is manifestly erroneous. Thus, a reasonable factual basis supports placement commencing on April 19,1996.
Attorney’s Fees
Without challenging the quantum awarded, OSFA maintains the Commission erred by making an award of attorney’s fees. Contending that it “fulfilled its duty to the citizens of Louisiana and acted entirely reasonably in filling the position” of Customer Services Division Director, OSFA suggests the award is unfounded.
When the Commission reverses or modifies an action that has been appealed, the appellee may be ordered to pay attorney’s fees in an amount not to exceed $1,500.00. *23 La. Civil Service Rules 13.35(a). Having found no manifest error with the Commission’s factual findings, and having concluded the actions of placing Stewart in the Customer Services Division Director position and ordering back pay and adjustments to the retirement system were not arbitrary or capricious, we find the Commission acted well within its discretion in awarding $1,500.00 in attorney’s fees to Stewart.[4]
| ^Conclusion
The decision of the Civil Service Commission placing Feltus Stewart in the position of Customer Services Division Director from April 19,1996 through October 10, 1997, ordering payment of back pay and adjustments to the retirement system, and awarding attorney’s fees in the amount of $1,500.00 is affirmed. Costs of this appeal in the amount of $456.00 are assessed against the Office of Student Financial Assistance.
AFFIRMED.

. OSFA also assigns as error the Commission's ruling during the public hearing denying an exception of no cause of action asserted in favor of Pfeifer by counsel for OSFA. The record establishes that in response to her request for an appeal to the Commission, only OSFA was initially made a party. By letter dated November 13, 1997, the Department of Civil Service Referee Laura D. Holmes notified counsel that “Diane Pfeifer is being added as a party appellee.” We find any error in procedure to be of no moment under the facts of this case because Pfeifer, who was not officially represented by counsel at the public hearing and was not held liable in the Commission’s decision, has not appealed the Commission’s decision.
OSFA also urges that the Commission was not a neutral and impartial decision maker. Although OSFA cites Allen v. State of Louisiana, Bd. of Dentistry, 543 So.2d 908 (La.1989) to support its claim, we find the facts in that case entirely distinguishable. In Allen, prose-cutorial misconduct interdicted the factfind-ing process of an administrative tribunal where a dentist’s license was suspended for ten years. Our supreme court found that the drafting of factual findings and conclusions of law for the administrative tribunal by the prosecutor for the Board of Dentistry constituted a violation of the Administrative Procedure Act and denied the dentist due process of law. In the case sub judice, OSFA, a state agency rather than an individual citizen, has cited no conduct of the egregious nature involved in Allen. That the Commission permitted Stewart’s attorney broad latitude in questioning Executive Director Guinn and indicated that Guinn demonstrated "a lack of sensitivity” for how his comments would be perceived by Stewart during the meeting he held after he realized that placement of the Customer Services Division Director position might be an infringement of Stewart's rights are not examples of egregious conduct which would warrant interdiction of the factfinding process. Based on the record before us, we find no error in the Commission's decision-making process.

. See Civil Service Rule 1.12 which, includes "agency” within the meaning of "[djepartment” as used throughout the Civil Service Rules. Because the parties continually referred to OSFA as "the agency” we conform our reference to their usage.

. Although her surname is spelled "Web” in the transcription of the public hearing, her signature affixed to documentary evidence clearly states "Webb.” In conformity with her signature, we refer to this witness’s surname as "Webb.”

. In her brief to this court, Stewart requests that the award for attorney's fees be modified to $5,000.00. Because Stewart failed to comply with appellate procedure by timely filing an answer, see La. C.C.P. art. 2133, she is not entitled to an increase in the award of attorney's fees. See Alford v. Environmental Monitoring, 93-0985, p. 4 (La.App. 1st Cir.10/7/94), 646 So.2d 961, 964.