STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0853

LEE BROWN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

Judgment Rendered: ___FEB 2 1 2020___

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 666577

Honorable Timothy Kelley, Judge Presiding

*************

| | |
|---|---|
| Lee Brown<br>Angie, LA | In Proper Person, Plaintiff/Appellant,<br>Lee Brown |
| Debra A. Rutledge<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |

*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS[1], JJ.

---

[1]Honorable William J. Burris, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**WHIPPLE, C.J.**

This case is before us on appeal by plaintiff, Lee Brown, from a judgment of the district court dismissing his petition for judicial review. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Brown is an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections (the Department). He is currently confined at the Rayborn Correctional Center in Angie, Louisiana. On June 15, 2005, Brown was arrested for two counts of oral sexual battery in violation of LSA-R.S. 14:43.1 (Livingston Parish docket numbers 502,592 and 603,783). On October 30, 2007, pursuant to a plea agreement in the Twenty-First Judicial District Court (21st JDC), Brown was sentenced to serve two, consecutive ten-year sentences without the benefit of probation, parole, or suspension of sentence for each felony charge. He has been held in continuous custody since his initial arrest. As such, the record shows, and the Department admits, that Brown served 867 days in parish prison prior to sentencing.

At some point thereafter, Brown filed a Motion to Correct Illegal Sentence in the 21st JDC, claiming his initial Commitment Order did not give him credit for time served in accordance with LSA-C.Cr.P. art. 880.[2] On October 24, 2017, Brown appeared in front of Judge Jeffrey S. Johnson at the 21st JDC on this motion. The minutes from this hearing state that the court ordered that "the defendant is to be given credit for any and all time served from the first date of arrest, on these charges, up and through today's date for each and every day that the defendant has actually served." Then, on November 13, 2017, Judge Johnson signed two Amended Commitment Orders, one for each docket number, which

---

[2]Brown's motion is not contained in the record herein and thus, it is unclear when the motion was actually filed. However, the motion is referenced in both the 19th JDC's Commissioner's Report and the 21st JDC's court minutes.

2

state that Brown was to be given credit for time served pursuant to LSA-C.Cr.P. art. 880 and, under the comment section, that he "is to be given credit for any and all time served from the first date of arrest, on this charge, up and through today's date for each and every day that the defendant actually served."

However, in the meantime, on November 7, 2017, Brown instituted Administrative Remedy Procedures (ARP) No. RCC-2017-837. In his ARP request, Brown essentially contended that the Amended Commitment Orders from the 21st JDC awarded him double time, giving him approximately twelve years and four months of additional credit towards each ten-year sentence. In its response, the Department noted that Brown had previously filed a different ARP wherein the Department had previously awarded him jail credit on each docket number for the 867 days he served prior to his sentencing.[3] Additionally, the response stated that jail credit is earned from the arrest date until the imposition of the sentence and that, due to the nature of his offense, Brown's sentence was to serve flat time such that he was not entitled to any further diminution of his sentence.[4] Accordingly, the Department concluded that Brown was not entitled to any more credits than he was already given.

Brown then filed a Motion to Compel Enforcement of Court Order, which was granted on December 15, 2017 and ordered the Department to comply with the Amended Commitment Orders previously signed by the court. Thereafter, Brown filed another ARP, No. RCC-2018-13, wherein he relied on the Motion and Order to Compel Enforcement of Court Order to again request that the Department award

___

[3]As set forth in a letter to Brown from Carolyn Wade, ARDC Supervisor for Rayborn Correctional Center, she states that in response to ARP No. RCC-2017-502, Brown was given credit for time served on docket number 603,783 and he was already given credit for time served on docket number 502,592. However, the record before us does not contain ARP No. RCC-2017-502.

[4]See LSA-R.S. 15:538.

3

him additional jail credits. This ARP was rejected for being repetitive to ARP No. RCC-2017-837.

There are numerous letters in the record wherein Brown alleges that the Department should have awarded him credit of approximately twelve years and four months to each of his ten-year sentences due to the Amended Commitment Orders signed by Judge Johnson. After the Department again refused to credit him with any additional time in ARP No. RCC 2018-13, Brown filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) pursuant to LSA-R.S. 15:1177(A).[5] In accordance with the screening provisions of LSA–R.S. 15:1178, Brown's petition was assigned to a commissioner at the 19th JDC to be reviewed.[6]

Through his petition, Brown sought a court order compelling the department to comply with the 21st JDC's order from December 15, 2017, and to essentially order his immediate release from incarceration. The Department answered and alleged that the matter was moot because ARP No. RCC-2018-13 was identical to ARP No. RCC-2017-837 and the Department had already granted him the jail credits to which he was entitled.

After reviewing the record and holding a status conference, the Commissioner recommended that the administrative decision be affirmed and that the request for judicial review be dismissed with prejudice. Following a *de novo* review of the record, including the traversal by Brown and the Commissioner's

---

[5]According to the Commissioner's Report, Brown initially filed two petitions for judicial review. The first petition, filed in response to ARP No. RCC 2017-837, was given docket number 668,704. The second petition, filed in response to ARP No. 2018-13, was given docket number 666,577. The Commissioner, Kina Kimble, recommended that the suits be consolidated, and an order was subsequently signed ordering the consolidation.

[6]The office of commissioner of the Nineteenth Judicial District Court was created by LSA–R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. LSA–R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA–R.S. 13:713(C)(5); see Martinez v. Tanner, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So. 3d 597. OR See LSA-R.S. 13:711 and 713.

4

Report, the district court maintained the Department's decision, dismissing Brown's suit with prejudice.

Brown then filed the instant appeal of the district court's judgment, assigning the following as error:[7]

1. The 19th JDC committed error when it upheld the Department's refusal to credit him with specified credits through its misapplication of established law and jurisprudence in violation of his Due Process rights, as provided in Louisiana's Constitution Article 1 §2;

2. The 19th JDC committed error when it reached beyond the record to determine the sentencing judge's intent, absent any discrepancy between the sentencing minutes, Commitment Orders, and the Order to Compel Enforcement of Court Order in violation of the statutory limitations prescribed in LSA-R.S. 15:1177(A)(5) and the Due Process Clause of Louisiana's Constitution; and

3. The 19th JDC committed error when it dismissed the Petition for Judicial Review without addressing his request to stay the proceedings pending the production of documents that the Commissioner used to support her recommendation for denial, in violation of the Appellant's right to Due Process Clause rights under Louisiana's Constitution.

## DISCUSSION

### Jail Credits

Under the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, et seq., judicial review of an adverse decision by the Department is

---

[7]Although Brown's brief does not contain an assignment of error section, he nonetheless identified and briefed three issues for review. As such, because appeals are favored under the law and Brown substantially complied with the Uniform Rules of the Louisiana Courts of Appeal, we will consider those issues on review as though they were correctly designated as assignments of error. See Uniform Rules, Courts of Appeal, Rule 2-12.4; see also Reed v. Reed, 92-1206 (La. App. 1st Cir. 10/15/93), 626 So. 2d 12, 13; quoting Guidry v. Ford, Bacon & Davis Const. Co., 79-7136 (La. App. 3rd Cir. 5/23/79), 371 So. 2d 1301, 1302.

available pursuant to LSA-R.S. 15:1177. An offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. LSA-R.S. 15:1177(A). On review of the agency's decision, the district court functions as an appellate court. The district court may reverse or modify the Department's decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (f) manifestly erroneous in view of the reliable, probative, and substantial evidence in the whole record. LSA-R.S. 15:1177(A)(9). On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court. See Williams v. La. Department of Public Safety and Corrections, 2018-0268 (La. App. 1st Cir. 9/21/18), 257 So. 3d 690, 692-93.

The Amended Commitment Orders specifically state that Brown was to be given credit for time served **pursuant to LSA-C.Cr.P. art. 880**. At the time Brown committed his crimes, Article 880 stated, "A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence."[8] Brown contends that his original sentence did not give him credit for time served. Accordingly, he filed the ARPs with the Department and the Motion to Correct Illegal Sentence in the 21st JDC. As conceded by the Department, Brown was initially only given jail credits on Docket Number

---

[8]An offender's punishment is determined according to the law in effect at the time he committed his crime. Boddye v. Louisiana Department of Corrections, 2014-1836 (La. App. 1st Cir. 6/26/15), 175 So. 3d 437, 440, writ denied sub nom. Boddye v. LeBlanc, 2015-1688 (La. 10/30/15), 180 So. 3d 303.

6

502,592. However, after the sentencing judge amended the commitment orders, the Department awarded jail credits to docket number 603,783 as well. As such, the Department contends that Brown is not entitled to any additional jail credits and the petition for judicial review was properly dismissed. We agree.

Brown is essentially contending herein that he is entitled to **double time** credit from the time he was arrested on the charges, up until the judge signed the Amended Commitment Order on November 13, 2017. Accordingly, he contends he is entitled to an immediate release. As the Department points out in its response to Brown's ARP No. 2017-837, credit for time served under LSA-C.Cr.P. art. 880 means jail credit for time served from the date of arrest until the imposition of the sentence. See Jacobs v. Leblanc, 2015-0785, p. 3 (La. App. 1st Cir. 12/23/15), __ So. 3d __, ___. Here, Brown essentially seeks what would amount to double credit for the time he has spent in prison if the order were interpreted as he suggests. However, the judge did not award double credit. The judge only awarded him credit for time served pursuant to LSA-C.Cr.P. art. 880. Absent any indication that the judge intended to award Brown double credits, or additional time reduced from his sentence, there is no basis for awarding Brown double credits and releasing him from his incarceration before his sentence is complete.[9]

After careful review of the record herein and applying the precepts set forth in LSA–R.S. 15:1177(A)(9), we find no error by the district court in refusing to modify the administrative decision which denied Brown additional credits towards his sentence. Based on the record herein, the Department's decision that Brown was not entitled to any additional jail credit on his sentences was neither arbitrary,

---

[9]Even if Brown's demand could be viewed otherwise as a claim for good behavior credits towards his sentence, we note that the sentencing judge does not have the authority to order a diminution of sentence for good behavior. LSA-R.S. 15:571.3(A)(3). Further, the nature of Brown's crimes are such that he is not entitled to earn additional credit towards his sentence for good behavior under LSA-R.S. 15:571.3.

capricious, or manifestly erroneous, nor in violation of Brown's constitutional or statutory rights. Thus, this argument lacks merit.

## Scope of the Commissioner's Review

In his second argument on appeal, Brown contends that the district court erred in the scope of its review of the record by searching for the sentencing judge's intent. Pursuant to LSA-R.S. 15:1177(A)(5), "[t]he review...shall be confined to the record" and "limited to those issues presented in the petition for review and the administrative remedy request filed at the agency level." While the Commissioner referenced the sentencing judge's intent in the reasons supporting her recommendation, we have conducted our review based on the record before us. We find no error by the district court in its dismissal of the petition for judicial review.

Thus, this argument also lacks merit.

## Brown's Request to Stay

In his third argument on appeal, Brown contends that the district court erred when it dismissed his petition for judicial review without first addressing his request to stay the proceedings pending a production of documents that the Commissioner used to support her recommendation. First, we note that Brown, as the appellant herein, is charged with the responsibility of completeness of the record for appellate review. Thus, the inadequacy of the record is imputable to him. See Niemann v. Crosby Development, Co., L.L.C., 2011-1337 (La. App. 1st Cir. 5/3/12) 92 So. 3d 1039, 1044. Moreover, as an appellate court, we have no jurisdiction to review documents that are not in the record on appeal, i.e., that which is sent by the district court to the appellate court. See LSA-C.C.P. arts. 2127-2128; O'Bannon v. Moriah Technologies, Inc., 2017-0728 (La. App. 1st Cir. 3/29/18), 248 So. 3d 392, 397. As such, our judgment can only be rendered based "upon the record on appeal." LSA-C.C.P. art. 2164.

An appellate court can neither supplement the record nor consider documents on appeal which were not introduced or filed into the record during the proceedings below. O'Bannon, 248 So. 3d 392, 397-98. Moreover, appellate briefs are not part of the record, and we have no authority to consider facts referred to in such briefs, or in exhibits containing matters that are not in the pleadings or evidence, since they are outside of the record. Old Republic Life Insurance Co. v. TransWood, Inc., 2016-0552 (La. App. 1st Cir. 6/2/17), 222 So. 3d 995, 1001. In support of his argument that the district court erred in dismissing his claims without first addressing his request to stay the proceedings, Brown attached a motion for transcripts of status conference and a motion to stay the proceedings pending production of documents to his appellate brief. However, the record on appeal does not contain either motion, nor does it contain any documentation of the filing of same in the proceedings below. Since these documents lie outside the record on appeal, and it is the appellant's burden to make sure the record on appeal is complete, this argument is meritless or presents nothing for review.

## CONCLUSION

Based on the above and foregoing reasons, the trial court's April 16, 2019 judgment, dismissing Brown's petition for judicial review with prejudice, is hereby affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Lee Brown.

**AFFIRMED.**