644 So.2d 823 (1994)
Mostafa F. KHOSRAVANIPOUR
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT. Five Cases
Nos. 93 CA 2041 to 93 CA 2045.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Writ Denied January 6, 1995.
*824 Robert H. Harrison, Jr., Denham Springs, for appellant Mostafa F. Khosravanipour.
Paul Ray Dry and Anthony J. Bonfanti, Baton Rouge, for appellee Dept. of Transp. and Development.
Robert R. Boland, Jr., Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a decision of the Civil Service Commission.

FACTS AND PROCEDURAL HISTORY
In July of 1981, appellant, Mostafa F. Khosravanipour, became employed by the State of Louisiana, Department of Transportation and Development (DOTD) as an engineer-in-training. He held a doctorate degree in engineering management from Tulane University.
In 1989, appellant filed five separate petitions for appeal with the Louisiana Civil Service Commission (the Commission), which were consolidated, alleging various acts of discrimination and retaliation against him by his superiors at DOTD.[1] Appellant alleged that the acts of discrimination and retaliation resulted in loss of promotional opportunities, salary increases, and other employment benefits. Attached to appellant's first petition are two memoranda, one from DOTD and one from appellant, addressing the occurrences leading up to appellant's allegations of discrimination and retaliation.
In response to each of appellant's five petitions, DOTD filed a motion for summary disposition. On January 31, 1990, the referee summarily dismissed appellant's appeals, finding that the petitions failed to comply with Civil Service Commission Rule 13.11(d), as the petitions did not allege specific details to support the conclusion of discrimination.[2] The referee also found that even the allegations containing specific names and dates would not constitute prohibited discrimination if proven as alleged.
On February 14, 1990, appellant filed a request for review of the referee's decision. On May 7, 1990, the Commission denied the request. On June 6, 1990, appellant filed a petition for review with this court. On November 22, 1991, in an unpublished opinion under docket numbers 90 CA 1562-1566, this court rendered judgment, finding that a violation *825 of the requirement of Civil Service Rule 13.11(d), requiring a concise statement of the basis of the appeal and specific facts supporting a discrimination claim, cannot serve as a basis for the summary dismissal of appellant's appeals. Rather, the court stated that appellant must be afforded an opportunity to amend the appeal. The court then reversed the summary dismissal of appellant's appeals, reinstated the appeals, and remanded the cases to the Commission for further proceedings. 592 So.2d 5.
On July 21, 1992, the referee issued a show cause order, stating that, prior to the matter being remanded by this court, appellant was transferred from DOTD to the Division of Administration. The referee reasoned that the appeals had become moot because they involved actions allegedly occurring while appellant was employed by DOTD. The show cause order required that the parties show cause by written argument why the appeals should not be summarily dismissed as moot in accordance with Civil Service Rule 13.14(a).[3]
On August 4, 1992, appellant submitted a letter in response to the show cause order, stating that, after being transferred to the Division of Administration, he was transferred back to DOTD. Thus, appellant argued that he would likely continue to experience the discrimination and retaliation alleged in his original appeals.
On August 11, 1992, DOTD submitted a letter in response to the show cause order, stating that, upon appellant's return to DOTD, there had been a definite break in service with DOTD and that his transfer to the Division of Administration rendered all of the previous appeals moot.
On August 19, 1992, the referee rendered a decision in the matter, finding that appellant's transfer from DOTD to the Division of Administration rendered the previous appeals moot. On September 2, 1992, appellant filed an application for review of the referee's decision. On February 9, 1993, the Commission granted the application for review, reversed the decision of the referee, and remanded the matter for further proceedings. The opinion stated as follows:
If the appellant has been returned to work under the same employees about whom he complains in his appeals, the brief hiatus at the Division of Administration would not render the appeals moot. We think the proper course would have been to allow the appellant to amend his appeals to show whether or not he still works under the direction and control of those about whom he had complained in his original appeals. In the event that because of the passage of time the appellant's work environment has improved and he no longer desires to pursue these appeals, the appellant is always free to dismiss them.
On February 16, 1993, DOTD filed a motion for summary disposition of the appeals as moot, contending that, upon his return to DOTD, appellant was no longer under the supervision and control of his previous supervisors. On February 22, 1993, the referee issued a show cause order, requiring that appellant respond to the Commission's specific concern as to "whether or not he [appellant] still works under the direction and control of those about whom he had complained about in his original appeals."
On May 6, 1993, a hearing was held on the issue of whether the personnel complained of in appellant's original appeals were in positions of authority over him at the time of his *826 return to DOTD. At the hearing, the parties agreed to tender the case under a stipulation as to the following facts:
1. Appellant returned from the Division of Administration to employment with DOTD on June 22, 1992.
2. Appellant was not returned to Section 45 under the supervision of Francis Becnel but to Section 41 which was under the indirect supervision of P.J. Frederick.
3. Mr. Frederick retired on January 15, 1993.
4. Mr. Frederick was not appellant's first line supervisor; John Collins was and is appellant's immediate supervisor.
5. Currently, appellant is supervised by Mr. Collins who is supervised by Mr. Pistorius who is supervised by Gene Waguespack.
6. Joe Drago is in the same Section as appellant but has no supervisory relationship to him.
7. Francis Becnel has no supervisory relationship to appellant.
On June 2, 1993, the referee rendered a decision, listing the stipulations as her findings of fact, and concluded as follows:
In these five appeals filed between April 27, 1989 and October 5, 1989, appellant has complained of actions of P.J. Frederick, Francis Becnel and Joe Drago which appellant concludes were discriminatory and resulted in an adverse impact upon him and his career advancement. By stipulation, appellant has conceded that neither Mr. Becnel nor Mr. Drago has had supervisory authority over him since his return to DOTD on June 22, 1992, and that although Mr. Frederick was in his chain of supervision from June 22, 1992 to January 15, 1993, Mr. Frederick is no longer one of his supervisors. Additionally, appellant has asserted no actions by Mr. Frederick between June 22, 1992 and January 15, 1993 to support his contention of continued discrimination and he filed no appeals subsequent to the five at issue herein alleging complaints against Mr. Frederick.
Inasmuch as appellant is no longer under the supervision or authority of those employees of whom he complained in 1989 and has raised no new issues that would indicate a continuation of the alleged harassment and discrimination of which he complained in 1989, there is no relief which the Commission could grant appellant in these five consolidated appeals.
The referee then summarily dismissed the appeals as moot, in accordance with Civil Service Rule 13.14(a). On June 10, 1993, appellant filed an application for review of the referee's decision. On July 23, 1993, the Commission denied the application for review, thereby upholding the decision of the referee. On August 18, 1993, appellant filed this appeal, assigning as error the Commission's finding that the appeals are moot.

MOOTNESS
A case is moot when there is no reasonable expectation that the alleged violation will recur and when interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. When both of the above conditions are satisfied, it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law. Kaiser Aluminum Exploration Company v. Thompson, 512 So.2d 1197, 1199 (La.App. 1st Cir. 1987), citing County of L.A. v. Davis, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). According to Louisiana jurisprudence, a moot case is one which, when rendered, can give no practical relief. Courts will not rule on questions of law which have become moot since their decree will serve no useful purpose and afford no practical relief. Kaiser Aluminum Exploration Company v. Thompson, 512 So.2d at 1200.
A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the Commissions's factual findings. Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 113 (La.1984); Casse v. Department of Health and Hospitals, 597 So.2d 547, 551 (La.App. 1st Cir.1992); City of Kenner v. Wool, 433 So.2d 785, 788 (La.App. 5th Cir. 1983). The appropriate standard of review *827 of an action by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary and capricious. Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983); Casse v. Department of Health and Hospitals, 597 So.2d at 551. A conclusion of a public body is "capricious" when the conclusion has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. Coliseum Square Association v. City of New Orleans, 544 So.2d 351, 360 (La.1989).
After carefully reviewing the entire record in this matter and considering that the Commission adopted the stipulations of the parties as its findings of fact, we find no manifest error in the Commission's findings. Moreover, we do not find the Commission's dismissal of appellant's appeals as moot to be arbitrary or capricious.

CONCLUSION
For the foregoing reasons, the decision of the Commission is affirmed. Costs of appeal are assessed against appellant.
AFFIRMED.
NOTES
[1] The petitions were filed on April 27, May 26, July 18, August 18, and October 5, 1989.
[2] Civil Service Rule 13.11(d) provides, in pertinent part, that:

A notice of appeal must
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient.
[3] The grounds for summary disposition of a Civil Service appeal are set forth in Civil Service Rule 13.14(a) as follows:

1. That the Commission lacks jurisdiction of the subject matter, or of the person against whom relief is sought.
2. That the appellant has no legal right to appeal.
3. That the appeal has not been made in the required manner or within the prescribed period of delay.
4. That the appeal has become moot.
5. That an appellant has failed to appear at the time fixed for the hearing of his appeal, without having been granted a continuance.
6. That the written notice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal ground for the disciplinary action.
7. That the disciplinary action was not taken by the proper appointing authority. (Emphasis added).