681 So.2d 1282 (1996)
Lawrence L. ANTOINE
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Office of State Police.
No. 95 CA 2558.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
*1283 Floyd J. Falcon, Jr., Baton Rouge, for Appellant.
Foye L. Lowe, Jr., Baton Rouge, for Appellee.
Norman W. Ershler, Baton Rouge, for State Police Commission.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff, Lawrence L. Antoine, from a decision rendered by the State Police Commission (Commission) upholding his termination by the Department of Public Safety and Corrections, Office of State Police (State Police). We affirm.

FACTS AND PROCEDURAL HISTORY
Antoine had been employed by the State Police for approximately sixteen years and was serving with permanent status as a sergeant. His employment was terminated effective December 16, 1994. In the termination letter dated December 14, 1994, over the signature of Mr. Paul W. Fontenot, Louisiana State Police Superintendent, Antoine was advised that his termination was based on conduct in violation of State Police Procedural Order 201, CODE OF CONDUCT AND ETHICS, Section I.B.12.b, which prohibits appearing for duty while under the influence of intoxicants.
Specifically, the termination letter charged that on the evening of September 23, 1994, and shortly before reporting to duty on September 24, 1994, Antoine had consumed a number of alcoholic beverages and that on September 24, 1994, between the hours of 8:00 a.m. and 11:45 a.m., Antoine was under the influence of alcoholic beverages while on traffic enforcement duty, in uniform and operating a State Police unit. The letter stated that Antoine was "presumptively under the influence of alcoholic beverages" based on the .191 percent blood-alcohol concentration detected in an Intoxilyzer test administered to Antoine at Troop B Headquarters shortly after 11:45 a.m. The letter also noted that *1284 Antoine had been counseled on previous occasions about his use of alcohol and informed that he would be terminated if found intoxicated while on duty.
Antoine appealed his termination to the Commission, generally denying the allegations contained in the letter of termination and contending that the disciplinary action taken was unwarranted, unjustified and excessive. Further, Antoine's appeal complained that he "suffers from a disability and no effort has been made to accommodate him or to rehabilitate him in violation of the Americans with Disabilities Act (ADA)" and that "[a]ll rights are reserved under the ADA."[2]
A hearing on Antoine's appeal was held on June 19, 1995. At the hearing, Antoine admitted that he was under the influence of alcohol while on duty on September 24, 1994, but contended and presented evidence to establish that as a result of extensive treatment for his alcoholism, he had been sufficiently rehabilitated to allow his return to his former position. The record contains the following undisputed evidence.
On the morning of September 24, 1994, Antoine was on LACE detail.[3] That morning, Sergeant Wayne Winkler observed Antoine at a traffic stop and noticed that his uniform was untidy, he was unshaven, and he was behaving in a loud and obnoxious manner. Winkler also noticed a faint odor of alcohol on Antoine's breath. Winkler reported these observations to his supervisor, Lieutenant Brian Etland. Etland telephoned his supervisor, Captain Mel Ryan, who called headquarters and told the desk sergeant to prepare the Intoxilyzer and summon Antoine to headquarters for testing. At approximately 11:30 a.m., Ryan, Etland and Antoine met at headquarters and the Intoxilyzer test was administered to Antoine.[4] Antoine's test results revealed that he had a .191 percent blood alcohol level.
During the course of a subsequent internal affairs investigation, it was discovered that Antoine had consumed approximately twelve drinks before midnight on September 23, 1994. Antoine slept until approximately 3:30 a.m., and then consumed at least two more alcoholic beverages. He slept again until 7:30 a.m., showered, fixed himself what was described as a "week [sic] one," and then reported to duty shortly thereafter. Antoine denied that he had consumed alcohol while actually on duty.
Prior to this incident, Antoine had been suspected of reporting to duty while under the influence of alcohol and had been counseled by his supervisors concerning their suspicions. Antoine had been informed that there was a "real possibility" of termination if he reported for duty while under the influence of alcohol. The State Police had also issued its Substance Abuse and Drug-Free Workplace Policy guide to Antoine prior to this incident. The policy provisions stated, inter alia, that an employee shall not appear for duty while under the influence of alcohol.
Following the hearing on Antoine's appeal, the Commission upheld the termination of his employment. The decision issued by the Commission found that Antoine's conduct on September 24, 1994 was extremely improper, dangerous and detrimental to public service. Therefore, the Commission concluded that Antoine's termination was not unduly severe.
Antoine appealed the Commission's decision to this court, assigning the following as error:
1. The Commission erred in finding that the appointing authority had borne its burden of providing by a preponderance of the evidence that legal cause of sufficient severity existed to support the dismissal of *1285 appellant given his sixteen years of unblemished service.
2. The Commission erred in failing to modify the penalty of termination in this case given its decision in Appeal of Michael J. Mensman, (Department of Public Safety and Corrections, Office of State Police), Docket No. 93-38-T.
3. The Commission failed to give adequate consideration to the testimony of the Troop Commander that Antoine was a valuable and productive officer who could be "salvaged."

DISCUSSION
In Department of Public Safety and Corrections, Office of State Police v. Mensman, 95-1950, p. 3-4 (La.4/8/96), 671 So.2d 319, 321, the Louisiana Supreme Court, adopting a recitation of applicable legal principles previously set forth by this court, stated:
An employee who has gained permanent status in the classified state police service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. Such an employee may appeal from any disciplinary action to the Commission, and the burden of proof on such an appeal, as to the facts, is on the appointing authority.
The Commission's authority "to hear and decide" disciplinary cases includes a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction (cause). In reviewing the Commission's finding of facts, a court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. Moreover, in judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion.
"Cause" for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. Dismissal from permanent employment is obviously the most extreme form of disciplinary action that can be taken against a classified state employee; thus, cause that may justify some other lesser form of disciplinary action may not justify a dismissal. (Citations omitted).
In this case, Antoine does not dispute the finding of cause for disciplinary action. Antoine's basic contention on appeal is that the punishment was not commensurate with the proven infractions under the factual circumstances presented herein. Thus, the sole issue presented to this court on appeal is whether the Commission's order upholding Antoine's termination from employment is arbitrary, capricious or characterized by an abuse of discretion. See Khosravanipour v. Department of Transportation and Development, XX-XXXX-XX-XXXX, p. 8 (La.App. 1st Cir. 10/7/94), 644 So.2d 823, 826-827, writ denied, 94-2729 (La.1/6/95), 648 So.2d 930.
A conclusion of a public body is "capricious" when the conclusion has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. Khosravanipour, XX-XXXX-XX-XXXX at 8, 644 So.2d at 827.
At the hearing, Antoine presented evidence to establish that the infraction which occurred on September 24, 1994 was due to his chronic alcoholism. Antoine also presented evidence establishing that he had received extensive ongoing treatment for his condition and was progressing well. Antoine testified that as of the date of the hearing, he had been sober for over eight months.
Mr. Sid Kennedy, the coordinator of outpatient services at Bowling Green Hospital, where Antoine sought treatment, testified at the hearing. Kennedy stated that Antoine had successfully completed an intensive outpatient treatment program and was doing well in the after-care program sponsored by the hospital. Kennedy testified that Antoine *1286 had made an "incredible effort" to be a part of the recommended program.
Likewise, Mr. Thomas Eustis, Antoine's sponsor in Alcoholics Anonymous (AA), testified that Antoine was consistently progressing in the AA program. Both Kennedy and Eustis acknowledged that relapse is always a possibility and that there is never a guarantee that one will not suffer a relapse.
Even considering this testimony, we cannot find that the Commission exercised its authority unlawfully in concluding that the punishment was commensurate with the cause upon which the disciplinary action was based. Further, we are unable to conclude that the Commission's decision was arbitrary, capricious or characterized by abuse of discretion, even in light of the mitigating circumstances set forth by appellant.
We have reviewed the Mensman case cited in brief by appellant. However, we find that the circumstances presented in Department of Public Safety and Corrections, Office of State Police v. Mensman, 94-1073 (La.App. 1st Cir. 6/30/95), 671 So.2d 360, affirmed, Department of Public Safety and Corrections, Office of State Police v. Mensman, 95-1950 (La.4/8/96), 671 So.2d 319, were very different from this case. In Mensman, the appellant suffered from clinically diagnosed major depression which prevented the performance of his duties and resulted in this failure to report for duty, while falsely reporting to his superiors that he was on duty. However, in the instant case, Antoine, while on duty and entrusted with the enforcement of the law, was, in fact, engaged in law enforcement activities involving direct interaction with the public while noticeably under the influence of alcohol. Antoine's actions not only had the potential of damaging public perception, but were also extremely dangerous. As recognized by the Commission, Antoine's conduct was "extremely improper, dangerous, and, in fact possibly could have been fatal, to himself and others." This conduct was certainly detrimental to the public service.
Additionally, Antoine had consistently been offered support and assistance by his supervisors and co-workers, who insisted that they would help him in any way; whereas, in Mensman, 95-1950 at 5, 671 So.2d at 322, the appellant's supervisor refused his informal request to rearrange his schedule to accommodate therapy for Mensman's depression. Finally, as noted by the Commission, Antoine had been repeatedly warned over several years that working while under the influence of alcohol was prohibited, would not be tolerated and could result in his dismissal.
We have also considered, as did the Commission, Antoine's sixteen years of experience and the testimony in the record that he is a "salvageable employee." Considering the severity of the infraction and the record as a whole, we are unable to find that the Commission's decision to affirm the termination of employment was arbitrary, capricious or an abuse of discretion. As Major Bobby Achord's testimony shows, the State Police considered the effect of Antoine's conduct on the department, his peers and the public, as well as legitimate concerns for public safety.
Finally, on appeal Antoine asks this court to consider the Americans with Disabilities Act (ADA) as a factor mitigating against termination. Antoine states that because the public policy behind the ADA favors rehabilitation and restoration to the workplace of employees who suffer disabilities, the statute should be construed broadly to effectuate its purposes. However, as Antoine concedes, the ADA permits an employer to terminate one under the influence of alcohol at the workplace and provides that an employer may require that employees not be under the influence of alcohol at the workplace. See 42 U.S.C. § 12114(c). As correctly noted by Antoine, the ADA does not require termination; however, it likewise does not prohibit it. Again, for the reasons stated above and even considering the humanitarian public policy reasons for the ADA, we cannot find that the Commission's decision was arbitrary, capricious or an abuse of discretion under the undisputed facts of this case.

CONCLUSION
For the above and foregoing reasons, we affirm the decision of the State Police Commission, upholding the termination of employment *1287 of Lawrence L. Antoine by the Department of Public Safety and Corrections, Office of State Police. Costs of this appeal are assessed against appellant.
AFFIRMED.
NOTES
[2] Antoine also alleged that the letter of termination contained insufficient detail and specificity; however, this claim was apparently not presented to the Commission and is not at issue on appeal.
[3] "LACE detail" was described at the hearing as a detail performed pursuant to a contract that the State Police has with other parishes whereby the off-duty trooper is paid by the contracting parish to perform traffic enforcement duties.
[4] Prior to Intoxilyzer testing and while on duty, Antoine had issued ten traffic citations. State Police operations policy required that troopers "call in" all traffic stops. Antoine had only called in four of the ten stops.