1 .WHIPPLE, J.
Petitioner, Daniel Robinson, appeals the judgment of the Nineteenth Judicial District Court dismissing his petition for judicial review as moot. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
In 1997, Robinson, an inmate at the Louisiana State Penitentiary at Angola, Louisiana, (Angola) instituted a complaint in the prison’s Administrative Remedy Procedure (ARP),'as set forth in LSA-R.S. 15:1171, et seq., concerning the operation and supervision of the ventilation system in the prison dormitories, including the dormitory where he was housed. Specifically, he complained that other inmates controlled the operation of the ventilators and fans and that as a result, he and other similarly situated non-smoking inmates were forced to endure adverse temperatures in the dorms and were continuously exposed to harmful amounts of secondhand cigarette smoke. His complaint was asserted as a violation of the Eighth Amendment protection against cruel and unusual punishment.
Robinson’s complaint proceeded through the three-step process at the institutional level, where his demands for correction of the control and access situation and alleviation of the exposure were essentially denied. Pursuant to LSA-R.S. 15:1177(A), he filed suit on June 11, 1997 in the Nineteenth Judicial District Court, Parish of East Baton Rouge, seeking judicial review of the adverse decision denying his ARP complaint. On February 17, 1998, Robinson filed a motion to expand the record and a supplemental complaint, contending that on January 10, 1998, the defendants had removed all exhaust fans from the dormitory and sealed them to prevent future use. Although not entirely clear from the record, the district court apparently denied the motion and rejected the supplemental complaint. The case was reviewed by a Commissioner of the Nineteenth Judicial District Court, |3who, submitted a report recommending that Robinson’s petition be dismissed without-prejudice. On March 31, 1998, the district court rendered judgment, adopting the commissioner’s report. and dismissing the complaint without prejudice. Thereafter, Robinson appealed to this court. In Robinson v. Cain, 98-1503 (La.App. 1st Cir.6/25/99), 739 So.2d 882, this court affirmed the decision of the district court.
Robinson filed an application for supervisory writs to the Louisiana Supreme Court on September 28, 1999. Citing the existence of “unique circumstances presented by this case,” the Supreme Court granted the application under State ex rel. Robinson v. Cain, 1999-2986 (La.8/31/00), 766 So.2d 1268, and remanded the case to the district court with specific instructions to expand the record to allow, the admission of further evidence into the record. The Commissioner issued an Order on Re *102 mand commanding the defendants to produce certain particularized evidence. During a hearing on. the merits on March 6, 2001, the parties acknowledged that Robinson had been transferred to another camp in the penal institution while the appeal to the Supreme Court was pending. The Commissioner halted the hearing without expansion of the administrative record to include the requested evidence. The Commissioner did reach the merits of Robinson’s complaint, including his assertion that the conditions complained of at his previous dormitory continued in his new assignment. Instead, the Commissioner found that the transfer of Robinson from the dormitory where he was assigned, and which was' the “catalyst and source” of his complaint, had mooted the complaint. Stating that the district court could only operate on evidence in the original complaint, the Commissioner recommended that the complaint be dismissed without prejudice to allow Robinson to institute a separate ARP to address any complaints regarding his new dormitory assignment.
j/The' district court agreed and rendered judgment on May 1, 2001, adopting the recommendation of the Commissioner and dismissing Robinson’s complaint without prejudice, as moot. Robinson now appeals, contending the district court erred in finding the complaint was mooted by his transfer.
DISCUSSION
It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision and not brought prematurely. A moot question connotes an issue that has been deprived of practical significance and made abstract or purely academic. Louisiana Associated General Contractors v. State, Division of Administration, 95-2105, pp. 9-10 (La.3/8/96) 669 So.2d 1185, 1193-94. A moot case is one in which a judgment can serve no useful purpose and give no practical relief and when there is no reasonable expectation that the alleged violation will recur and when interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Khosravanipour v. Department of Transportation and Development, 93-2041, p. 7, 644 So.2d 823, 826 (La.App. 1st Cir.10/7/94), writ denied, 94-2729 (La.1/6/95), 648 So.2d 930.
As a general rule, the voluntary cessation of the allegedly illegal conduct makes a case moot where it can be said with assurance that- there is no reasonable expectation that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects.of the alleged violation. In such a case, neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law. Louisiana Associated General Contractors, 95-2105 at p. 12, 669 So.2d at 1194-1195.
 |KWe observe initially that the hearing during which Robinson’s case was declared moot was a remand hearing ordered by the Supreme Court for the specific purpose of expanding the record and admitting additional evidence on the pending case. We also note that defendants were ordered to submit certain additional particularized evidence in the remand order. Apparently, this evidence was not exchanged prior to the hearing on the matter. Also, as a result of the Commissioner’s conclusion that the complaint was moot, it was never entered into the record *103 as contemplated by the Supreme Court’s order.
The Commissioner’s reason for mooting the initial case was based on the disclosure at the hearing that Robinson had been moved from one camp at Angola to another and that such move mooted the initial complaint. We disagree. Robinson’s complaint was based on “an institutional policy that allowed other inmates to turn exhaust fans off and close windows at will” in “dormitories ... throughout the main prison east and west yards.” The fact that Angola is divided into several separate “camps” for the purposes of security, housing and administration is of no. moment herein, inasmuch as each camp, although separated from the others, is apparently part of the whole and allegedly is held to the policies of the institution at issue in the complaint. The ARP record and petition filed herein show that Robinson is challenging the ventilation policies of Angola and the related practices of the corrections officers assigned, not the policies and practices of the Ash 2 Hall Dormitory.
Robinson’s complaint is grounded in the institutional practice of allowing other inmates to control the exhaust fan system in the dormitory wherein he was assigned and avers that this practice was the impetus for his and other similarly situated non-smoking inmates allegedly being exposed to hazardous amounts of secondhand smoke and adverse climatic conditions. He contends in brief that the additional evidence he wished to present at the expansion hearing would show that jBthe institutional practice and resulting conditions that facilitated the original complaint from the Ash 2 Hall Dormitory still persisted in his new assignment, the Bear 1 Hall Dormitory. However, the district court apparently viewed the transfer of Robinson from Ash 2 to Bear 1 as. an ,end to the conditions complained of and an end to the original complaint.
That the court’s power to review is limited to the record of the complaint is without question. However, we conclude that the review in this case was improperly limited by the erroneous conclusion that Robinson was required to litigate his complaint as a new claim. We conclude that given the history of these proceedings and the order - of the Supreme' Court herein, Robinson was not required to file a new complaint under the prison’s ARP. Even pretermitting Robinson’s contention that requiring him to file a new complaint might result in continuous transfers from camp to camp in the institution and, therefore, in effect, constantly moot his claim, we find the district court erred under circumstances presented herein.
Stated differently, we find that Robinson’s transfer to another housing dormitory at the institution has not deprived the case of practical significance or made the issues abstract or purely academic inasmuch as his complaint is that the 'conditions are prevalent in all inmate housing that he has been exposed to during his incarceration. Robinson’s allegations of the institutional prevalence of the conditions complained of seemingly negates the argument that there is no reasonable expectation that the alleged' violation will recur. The record does not address the reason why Robinson was moved to another dormitory, but any beneficial effects accomplished by the interim relief do not moot the controversy if the conditions complained of exist throughout the institution and the move has not “completely and irrevocably eradicated the effects of the alleged violation.” See Khosravanipour, 93-2041, at p. 7, 644 So.2d at 826. Thus, both-parties still have a|7legally cognizable interest in the final determination of the underlying questions of fact and law as *104 they pertain to the specific circumstances of this case. See Louisiana Associated General Contractors, 95-2105 at p. 12, 669 So.2d at 1194-1195.
CONCLUSION
For the foregoing reasons, the May 1, 2001 the judgment of the Nineteenth Judicial District Court is reversed and the matter is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.