Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,068-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHRISTOPHER A. ESTESS                     Plaintiff-Appellant

versus

BOSSIER CITY MUNICIPAL                    Defendant-Appellee
FIRE AND POLICE CIVIL
SERVICE BOARD

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 158116

Honorable Edward Charles Jacobs, Judge

* * * * *

BREEDLOVE LAW FIRM, APLC          Counsel for Appellant
By: Pamela N. Breedlove

KEAN MILLER, LLP                  Counsel for Appellee
By: Michael D. Lowe

* * * * *

Before WILLIAMS, MOORE, and STONE, JJ.

**STONE, J.**

Sergeant Christopher Estess (the "plaintiff") was laterally transferred from one position to another within the Bossier City Police Department. He sought to appeal that transfer to the Bossier Municipal Fire and Police Civil Service Board (the "board"), which summarily dismissed the appeal without an evidentiary hearing. The plaintiff appealed that dismissal to the district court, and sought a writ of mandamus ordering the board to hold an evidentiary hearing. The City of Bossier intervened in the trial court proceedings. The trial court affirmed the dismissal of the appeal, and denied mandamus. For the reasons stated hereinafter, we reverse and remand to the board with instructions.

## FACTS AND PROCEDURAL HISTORY

The plaintiff is an employee of the Bossier City Police Department. He was transferred from internal affairs to patrol, and sought to appeal that transfer to the board. The plaintiff's attorney wrote an appeal letter to the board, stating:

> Sergeant Estess was performing very well in his position, timely completing all of his investigations, and did not request this transfer. Chief McWilliams statements to Sergeant Estess regarding the reasons for the transfer show that the transfer was not being done in good faith or for cause. The change in Sergeant Estess' work schedule, clothing allowance, and authority and prestige as a result of the transfer was adverse action equivalent to a demotion such that it was discipline and corrective action and appealable under 33:2501.
>
> Pursuant to Louisiana Revised Statute 33:2489 & 33:2501, Sergeant Estess hereby appeals his transfer as the transfer was made deliberately to discriminate against him and was corrective/disciplinary action. Sergeant Estess requests that the matter be heard at the earliest possible date.

The board scheduled a conference on the matter for December 12, 2018. The plaintiff appeared without counsel and argued that he personally felt that his transfer constituted discipline, and therefore the board was required to grant a hearing. He also stated that the police chief's statements indicated a discriminatory motive in transferring him. The board held that the plaintiff's appeal letter failed to state a factual basis for the appeal and thereby violated Board Rule V, Section 1, which requires the appeal letter to contain a "clear and concise statement of…the basis for the appeal." On that ground, the board dismissed the appeal without holding an evidentiary hearing.

The plaintiff appealed the board's decision to the district court, and filed a petition for writ of mandamus ordering the board to hold a hearing. The district court denied mandamus and dismissed the appeal. The plaintiff then filed the instant appeal, enumerating 12 assignments of error. However, in substance, he makes only two assignments of error: (1) the district court erred in affirming the board's dismissal without evidentiary hearing; and (2) the district court erred in refusing to grant the writ of mandamus ordering the board to hold an evidentiary hearing on the plaintiff's appeal letter. For the reasons stated hereinafter, we reverse the dismissal of the plaintiff's appeal, and remand to the board with instructions to allow the plaintiff a reasonable opportunity to amend the appeal letter.

**DISCUSSION**

The Bossier City Fire and Police Civil Service Board operates pursuant to the Municipal Fire and Police Civil Service Law (La. R.S. 33:2471 through La. R.S. 33:2508). This case requires us to determine whether Board Rule V is within the scope of rulemaking authority conferred

2

on the board by La. R.S. 33:2478, and if so, whether the Board erred in applying Board Rule V.

Louisiana has a separate civil service system for state employees (and employees of cities with populations over 400,000). That system is created and governed by Article 10 of the Louisiana Constitution. Two prior decisions, *Rocque v. Dept. of Health and Human Res.,* 505 So. 2d 726 (La. 1987), and *Khosravanipour v. Dept. of Transp.,* 592 So. 2d 5 (La. App. 1 Cir. 1991), involved *state* civil service employees, but nonetheless are authoritative regarding the present case.[1] Because the present case involves a *municipal* civil service employee, it is necessary to first consider the underlying legislative (constitutional) provisions and administrative rules involved in *Rocque* and *Khosravanipour.* As will be shown below, those legislative provisions and administrative rules parallel the municipal civil service statutes and the board rule involved in this case.[2]

**State civil service**

*Discipline.* La. Const. art. 10, §8(A) provides as follows relative to a state civil service employee's right to appeal disciplinary action taken against him or her:

> *A classified employee subjected to such disciplinary action shall have the right of appeal* to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority. (Emphasis added).

---

[1] The *Khosravanipour* decision cited in the body text is unpublished and contains no discussion; however, in *Khosravanipour v. Dept. of Transp.,* 93-2041 (La. App. 1 Cir. 10/7/94), 644 So. 2d 823, 824, *writ denied,* 94-2729 (La. 1/6/95), 648 So. 2d 930, the First Circuit explained its decision of the aforementioned *Khosravanipour* case.

[2] That parallel exists regarding all relevant points, *i.e.,* rulemaking authority, administrative remedies for discipline of and discrimination against employees, and agency rules requiring articulation of a factual basis for an appeal. For side-by-side comparison, see Appendix.

*Discrimination*. La. Const. art. 10, §8(B) prohibits

discrimination against state civil service employees, as follows:

> No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. *A classified employee so discriminated against shall have the right of appeal* to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee. (Emphasis added).

*Rulemaking authority*. La. Const. art. 10, §10(A)(1)(a) authorizes the

Civil Service Commission to make administrative rules, as follows:

> Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions…and generally to accomplish the objectives and purposes of the merit system of civil service as herein established.

*Agency rule*. Pursuant thereto, the Civil Service Commission

promulgated Rule 13.11(d) relative to appeals of employee discipline and

discrimination:

> *A notice of appeal must…*
> *[c]ontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal.* Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is *not* sufficient. (Emphasis added).

*Khosravanipour, supra* at n. 2; *see also Rocque, supra*. Additionally, Civil

Service Rule 13.14 (a)(3) and (6) required summary dismissal for failure to

comply with rule 13.11 (d), and Rule 13.12 prohibited supplementation or

amendment of an appeal beyond the initial 30-day period for filing a notice of appeal. *Rocque, supra,* at 727.

In *Rocque*, a civil service employee applied to the Civil Service Commission for an appeal from her suspension and termination by the Department of Health and Human Resources ("DHH"). In her letter applying for an appeal, she stated:

> At this time Ms. Rocque seeks an appeal of her ten (10) day suspension…and her termination. We respectfully request that a hearing be held on this matter in New Orleans as soon as possible.

*Id.* at 727. Ms. Rocque's appeal was heard before the Civil Service Commission's referee, who rendered a summary dismissal because the letter applying for the appeal "did not contain a clear and concise statement of the basis for the appeal as required by Civil Service Rule 13.11 (d)." *Id.*

The Supreme Court reversed and remanded to the Civil Service Commission, stating:

> We find that Rule 13.11(d), in conjunction with the rest of the rules regulating appeals to the State Civil Service Commission, is unreasonable and imposes an unduly onerous responsibility on appellants. As stated in *Shelton v. Southeastern Louisiana University,* 431 So. 2d 437, 439 (La. App. 1st Cir.1983),
>
> > [T]he function of rule 13.11(d) is two-fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues. *It is clear that Rule 13.11(d) serves a valid function. However, in conjunction with Rules 13.14(a)(3) and 13.14(a)(6), which require summary dismissal where the notice of appeal does not comply with Rule 13.11(d), and with Rule 13.12(d), which does not permit supplementation or amendment of an appeal beyond the thirty-day period for filing a notice of appeal, Rule 13.11(d) acts as a trap for the unwary appellant who does not learn of the insufficiency of his appeal under*

> *the rule until the time for remedying any deficiencies
> has already elapsed. While we are without authority to
> enact rules for the Commission, we suggest that the
> function of Rule 13.11(d) could be served in a way less
> burdensome to appellants by, for example, permitting
> supplementation or amendment of appeals beyond the
> current thirty-day period*, and by amending Rule
> 13.11(d) so as to specify exactly what constitutes "a
> clear and concise statement of the basis of the appeal."
> However, as stated, it is not for this court to enact
> remedial rules for the Civil Service Commission.
> Accordingly, we merely conclude that the present
> scheme of appeal to the State Civil Service Commission
> is unreasonable and unduly burdensome on appellants.
> (Emphasis added).

*Id*. at 728.

In *Khosravanipour, supra,* the First Circuit addressed a set of facts similar to those presented in the instant case. *Khosravanipour v. Dept. of Transp*., 93-2041 (La. App. 1 Cir. 10/7/94), 644 So. 2d 823, 824, *writ denied*, 94-2729 (La. 1/6/95), 648 So. 2d 930. The civil service employee filed several separate petitions for appeal with the Louisiana Civil Service Commission alleging various acts of discrimination against him by his superiors at the DOTD. The referee summarily dismissed these appeals on the ground that they failed to satisfy Civil Service Commission Rule 13.11(d). *Id.*

In particular, the referee found that (1) the petitions "did not allege specific details to support the conclusion of discrimination," and (2) "even the allegations containing specific names and dates would not constitute prohibited discrimination if proven as alleged." On that basis, the referee dismissed the appeals. The First Circuit held that the civil service employee was entitled to an opportunity to amend the petitions to cure the violation of Civil Service Commission Rule 13.11(d), and accordingly reversed and remanded with instructions. *Id.* at 824.

6

**Municipal civil service**

At this point, we turn to the relevant legislation in the instant case.

***Discrimination.*** La. R.S. 33:2489, in relevant part, states as follows relative to an employee's appeal of his transfer on the basis of discrimination:

> Any employee may be transferred from any position in the classified service to any other position of the same class within the classified service, at the pleasure of the appointing authority without notice to and confirmation by the board.
> *Any regular employee so transferred shall have the right of appeal to his board upon the grounds… [that] the transfer was made deliberately to discriminate against him.* (Emphasis added).

***Discipline.*** La. R.S. 33:2501(A) provides for an employee's right to a "hearing and investigation" regarding discipline against the employee:

> Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. *The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.* (Emphasis added).

Discipline is partially defined for purposes of La. R.S. 33: 2501(A).[3]

***Rulemaking authority.*** The municipal civil service statutes authorize municipal civil service boards to promulgate administrative rules as follows:

_____

[3] La. R.S. 33:2500(B) provides:
[D]isciplinary action may extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, *or such other less drastic action that may be appropriate under the circumstances.* (Emphasis added).
La. R.S.33:2473(8) defines "demotion" as follows:
"Demotion" means a change of an employee in the classified service from a position of one class to a position of a lower class which generally affords less responsibility and pay.

7

Each board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation, or order shall be contrary to, or in violation of, any provision, purpose, or intent of this Part or contrary to any other provision of law.

La. R.S. 33:2478. This provision must be read *in pari materia* with the provisions of La. R.S. 33:2501(B)(3), which pertain to appeal proceedings before the board:

The board shall have complete charge of any such hearing and investigation, and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto.

*Agency rule.* Pursuant to the authority granted by La. R.S. 33:2478, the board promulgated Board Rule V, which provides as follows regarding applications for appeals and hearings:

**Section 1:** Any person authorized to appeal to the board under the provisions of Civil Service Law may apply for such an appeal by written notice *giving a clear and concise statement of the action complained against, the basis of the appeal, and the relief sought.* Application for appeals to the board under the provisions of R.S. 33:2501 of Civil Service Law shall be made only by regular employees in the classified service and shall be limited to matters involving discharge, corrective or disciplinary action and the application shall so state. All other requests for hearing shall set forth the section of Civil Service Law under which the application is brought and shall contain a statement of jurisdiction of the Board. (Emphasis added).

**Section 2:** No appeal shall be effective unless the above stated notice is filed within fifteen (15) days following the action complained against, or where written notice is given of an action to be thereafter effective, within the 15 days following the date on which such notice is given.

In this case, the board refused to grant the plaintiff an evidentiary hearing because it found that his appeal letter did not allege facts, which if proven, would entitle him to relief, because: (1) the plaintiff's transfer, based

8

on the facts alleged, did not constitute discipline or corrective action, and (2)

the plaintiff's mere conclusory statement that the police chief's motive for

the transfer was to discriminate against him did not constitute prima facie

allegations under La. R.S. 33:2489.

Regarding the legislative grant of authority to require employees to

state the basis for the appeal in the appeal letter, there is no textual basis for

distinguishing La. Const. art. 10, § 10(A)(1)(a), applicable to state civil

service, from La. R.S. 33:2478, applicable to municipal civil service.[4] The

Louisiana Supreme Court, in *Rocque, supra,* suggested that promulgation of

Civil Service Commission Rule 13.11(d) constitutes a valid exercise of

authority under that constitutional provision. *Id.* at 728. The First Circuit, in

*Khosravanipour, supra*, approved of Rule 13:11(d), and remanded with

instructions that the employee be given leave to amend to cure the violation

of that rule. Therefore, *Rocque, supra,* and *Khosravanipour, supra,* support

our conclusion that municipal boards have the authority to require

employees to state the factual basis for the appeal, under penalty of

---

[4] La. Const. art. 10, §10(A)(1)(a) authorizes the Civil Service Commission to make administrative rules, as follows:

> Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions…and generally to accomplish the objectives and purposes of the merit system of civil service as herein established.

La. R.S. 33:2478 authorizes municipal civil service boards to promulgate administrative rules as follows:

> Each board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation, or order shall be contrary to, or in violation of, any provision, purpose, or intent of this Part or contrary to any other provision of law.

dismissal, despite related legislation providing that the employee "shall" have the right to an appeal (or that the board "shall" grant a hearing and investigation).

Furthermore, no policy reason exists to allow the Civil Service Commission to require employees to "state the basis for the appeal" while prohibiting municipal boards from doing the same. Both have a legitimate interest in not holding vain and useless evidentiary hearings, just as the judiciary has an interest in avoiding frivolous litigation. Such is a waste of valuable public resources. If an employee has a factual basis for an appeal, he or she need only state it in a (timely and properly filed) appeal letter to obtain an evidentiary hearing; if the employee cannot state a factual basis, despite the assistance of counsel, it is reasonable to conclude that is because none exists. Board Rule V, Section 1, is within the Board's rulemaking authority pursuant to La. R.S. 33:2489 and La. R.S. 33: 2501(B)(3).

We further hold that the board committed no error in applying Board Rule V, Section 1 – requiring a "clear and concise statement of… the [factual] basis of the appeal" – to the facts of this case (*i.e.,* the plaintiff's appeal letter). Indeed, the plaintiff did allege specific facts regarding his transfer, but if proven, they would not establish that he was thereby disciplined. None of the specific facts that the plaintiff alleges are included in the statutory list of particulars that constitute "discipline." Furthermore, La. R.S. 33:2489 provides that "[a]ny employee may be transferred from any position in the classified service to any position of the same class… at the pleasure of the appointing authority without notice to and confirmation by the board," unless one of the three grounds enumerated therein for opposing the transfer exists. If an employee could use La. R.S. 33:2501(A) to thwart

10

an otherwise valid transfer under La. R.S. 33:2489, the latter statute's grant of authority to the employer would effectively be frustrated.

Regarding his claim of discrimination, the plaintiff failed to allege any specific facts whatsoever. His mere conclusory assertion of discrimination must be regarded as insufficient.

Accordingly, the board properly held that the plaintiff's appeal letter was insufficient to entitle him to an evidentiary hearing. However, pursuant to *Rocque, supra,* and *Khosravanipour, supra,* the plaintiff must be given a reasonable opportunity to amend his appeal letter to cure this defect.

**Refusal to issue mandamus ordering a hearing**

The plaintiff sought from the district court a writ of mandamus ordering the board to hold a hearing on his appeal of the transfer. In light of our instruction that the plaintiff be granted a reasonable opportunity to amend his appeal letter to cure the violation of Board Rule V, Section 1, the issue of mandamus is premature, and is, therefore, pretermitted.

## CONCLUSION

The dismissal of this case is **REVERSED**, and the case is **REMANDED** to the board with instruction to allow the plaintiff a reasonable opportunity to amend his appeal letter by alleging specific facts supporting his claim of discrimination.

# APPENDIX

| | Constitutional Provision; agency rule | Rev. Stat. Title 33 Provision; agency rule |
|---|---|---|
| **Rulemaking Authority** | **La. Const. art. 10, §10(A)(1)(a):** Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions…and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. | **§2478:** Each board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation, or order shall be contrary to, or in violation of, any provision, purpose, or intent of this Part or contrary to any other provision of law. |
| **Discipline** | **La. Const. art. 10, §8(A):** *A classified employee subjected to such disciplinary action shall have the right of appeal* to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority. (Emphasis added). | **§2501(A):** Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. *The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request* (Emphasis added). |
| **Discrimination** | **La. Const. art. 10, §8(B):** No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. *A classified employee so discriminated against shall have the right of appeal* to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee. (Emphasis added). | **§2489:** Any employee may be transferred from any position in the classified service to any other position of the same class within the classified service, at the pleasure of the appointing authority without notice to and confirmation by the board. *Any regular employee so transferred shall have the right of appeal to his board upon the grounds… [that] the transfer was made deliberately to discriminate against him.* (Emphasis added). |
| **Agency Rule** | **Civil Service Commission Rule 13.11(d):** *A notice of appeal must…* *[c]ontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal.* Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is *not* sufficient. (Emphasis added). | **Board Rule V §1:** Any person authorized to appeal to the board under the provisions of Civil Service Law may apply for such an appeal by written notice *giving a clear and concise statement of the action complained against, the basis of the appeal, and the relief sought.* Application for appeals to the board under the provisions of R.S. 33:2501 of Civil Service Law shall be made only by regular employees in the classified service and shall be limited to m atters involving discharge, corrective or disciplinary action and the application shall so state… (Emphasis added). |